WILLIAM FISH *v.* ISAAC JACOBSOHN.

A check on a bank imports a consideration; and the *onus* is on the party giving it, if there was none.

The party to whom the check is given is the proper party to bring the action thereon.

APPEAL from judgment of Superior Court· of New York. The action was to recover the amount of a draft or check, drawn by defendant, as follows:

"NEW YORK, March 16, 1859.

"L. S. Lawrence & Co., bankers, pay to Mr. William Fish, or order, 3,000 25-100 dollars.   $3,000 25-100.

"ISAAC JACOBSOHN."

Which check, the complaint averred was drawn by the ·defendant at the city of New Orleans on the 16th March, 1859, and delivered by him to the plaintiff, the payee named therein, in settlement of a balance of account due by Bernard Ulman, of the city of New York, for whom the defendant acted as agent, to Benjamin Lumley, of the city of London, for whom the plaintiff acted as agent, in the settlement of said account.   That the check was indorsed by the plaintiff, and on the 24th March, 1859, presented to L. S. Lawrence & Co., at the city of New York, for payment, and payment thereof demanded, which was refused; the· said defendant, having, prior to such presentment, ·forbidden the payment thereof by said drawees; of all which the defendant had notice, and the same has not since been paid.

The making of the check, the presentment thereof, and notice of the defendant of non-payment, was not denied by the answer.   Three or four matters were alleged in the answer as defenses:   1st. That at the time the check was made, he (the defendant) was not in any wise indebted to the plaintiff, and that he made the check and delivered it to the plaintiff without any consideration therefor.   2d. That he made. the check for an amount claimed to be due

from Ulman to Lumley, and delivered the same to the plaintiff as the agent of Lumley, and not otherwise, and not as an executor, or administrator or trustee of an express trust, and plaintiff is not authorized by any statute to sue, without joining with him the person for whose benefit the action is prosecuted. 3d. That the check was given to pay a debt claimed to be due from Ulman to Lumley, but that in fact no such debt was *then and there due.* 4th. That the check was in fact a promise by the defendant to pay a then supposed debt of Ulman to Lumley, and for which the defendant was not liable, and that there was not any other consideration for the check, or the making of said promise; and the consideration for making the check is not expressed in it, nor is any consideration expressed in it.

The action was referred to B. W. Bonney, Esq. On the trial, the plaintiff, after reading the pleadings, rested his case, and asked for judgment on the pleadings. The defendant also moved for judgment on the pleadings, on the ground, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that it appeared on the face of the complaint that the check—the subject of the action—was given by the defendant to the plaintiff without consideration. The referee denied the motion, and the defendant excepted. The defendant was then offered as a witness on his own behalf, to establish the defense set up in the answer; the plaintiff objecting to his being examined, on the ground that the answer disclosed no defense. The referee ruled that the answer set up no defense, and that there was no issue to try, and that the plaintiff was entitled to judgment; to which the defendant excepted. The referee, then, on request of the defendant, permitted him to amend his answer by adding a denial of each allegation of the complaint, except the making of the check, and the trial proceeded.

The defendant admitted the receipt of notice; that the check had been presented for payment, and payment refused; and the notarial certificate of presentment, demand of payment, and refusal for want of funds, was put in evidence.

The plaintiff was then examined as a witness in his own behalf, and gave a detailed account of the facts and circumstances under which the check was made, and rested.

The defendant then moved for a nonsuit, on the grounds, first, that no consideration for the check had been proved; second, that the plaintiff was not the proper party to sue; third, a failure to prove the cause of action alleged in the complaint. The referee denied the motion, and there was an exception.

The defendant was then sworn on his own behalf.

The referee found, as facts, that, on the 20th January, 1859, Benjamin Lumley, at London, in England, appointed the plaintiff his agent to receive all moneys accruing from representations and concerts of Piccolomini in the United States, under a contract between said Lumley and Bernard Ulman; to examine, vouch and settle all accounts on behalf of said Lumley, and to pay to said Ulman such sums as might be coming to him from such representations and concerts. That on and after February, 1859, the defendant was agent or manager for said Ulman, in relation to such representations and concerts in the United States; that in February, 1859, the plaintiff, in New York, as such agent of said Lumley, demanded of defendant, as agent or manager of said Ulman, who was then absent from New York, a settlement of the account of all such representations and concerts as had then been given, which settlement the defendant promised should take place; that in February and March, 1859, several such representations and concerts were given in New York and elsewhere in the United States, and the plaintiff, as such agent as aforesaid, received several sums of money on account of the portion of the proceeds of such representations and concerts, to which said Lumley was entitled; that on the 11th March, 1859, the plaintiff, in the city of New Orleans, demanded of said Ulman a settlement as to all such representations and concerts as had been given, and Ulman then promised plaintiff such settlement, and to give him the check of defendant for the amount or balance which the plaintiff, as such agent of Lumley, was entitled to receive;

and, on the 12th March, 1859, said Ulman promised the plaintiff, in case he did not furnish him such check of the defendant for said balance by twelve o'clock at noon, of the 14th of said March, to assign to him all the receipts of such representations and concerts which should be subsequently given, after deducting the amount to be paid to the manager of the theater, until plaintiff had received such balance; and on the 14th day of said March, said Ulman, by writing, addressed to the manager of the theater, assigned to plaintiff all the moneys accruing to him (Ulman) for such remaining performances in New Orleans, after deducting the sum to which the manager of the theater was entitled; that on the 16th March, 1859, the defendant, at New Orleans, made and delivered to the plaintiff the check or draft set forth in the complaint, and on which this action is brought, which check or draft was so given by defendant, and received by plaintiff, for the balance, amounting to $2,555.75, of the share to which said Lumley was entitled of the proceeds of such representations and concerts, prior to said 11th March, 1859, and the share, amounting to $444.50, to which Lumley was entitled of the proceeds of said performance in New Orleans, on the said 11th March, 1859; and the plaintiff then gave to the defendant a receipt for said check or draft, and specifying the said amounts for which the same was so given and received.

That the plaintiff, in his account with said Lumley, credited him (Lumley) with the amount of said check or draft. That the plaintiff, on said 16th day of March, 1859, sent forward said check or draft, from New Orleans, for collection, and the same was, on the 24th day of said March, duly presented in New York to the drawees, and payment thereof demanded, which was refused, and notice of such presentment and demand and refusal of payment was duly given to the defendant. That after the making and delivery of said check or draft, three such representations were given in New Orleans, as aforesaid, on the 16th, 18th and 19th days of March, 1859 (one on each day), of which the plaintiff under said assignment by Ulman received the whole proceeds to

which Ulman was entitled, and having received said check or draft for the said accounts or sums above mentioned, plaintiff paid to the agent of Ulman the share of said proceeds to which Ulman was entitled. That the interest on the sum of $3,000.25, from said 24th day of March, 1859, to 21st July, 1859, the date of this report, is $68.24, and the whole amount of principal and interest due this day, on said check or draft, is $3,068.49.

The referee's conclusions of law were as follows:

1. That the plaintiff received and holds the said check or draft for good and sufficient consideration, and the defendant is liable to pay the same.

2. That the plaintiff is entitled to maintain the action in his own name for the amount of said check or draft, and without joining said Lumley with him as plaintiff in this action, or otherwise.

3. That the plaintiff is entitled to judgment for said sum of $3,068.49 (the amount of said check or draft, with interest to this date) and the costs of this action.

To these conclusions of law, and to each of them, the defendant excepted.

Judgment being entered on the report of the referee, the defendant appealed to the General Term, where the judgment was affirmed. The defendant now appeals to this court.

*Thomas H. Rodman*, for the plaintiff.

*J. Townshend*, for the defendant.

WRIGHT, J. It is insisted that the judgment is erroneous, and for the reasons, *first*, that the check was without consideration; and, *second*, that the action was improperly brought in the name of the plaintiff. Neither of these objections I regard as tenable.

1. The check imported a consideration, and the *onus* was on the defendant to show that, in fact, there was none. This was not necessarily shown by an admission in the pleading, or by proving that it was given in settlement of a balance of account due from Ulman to Lumley for Lumley's share of

the proceeds of the Piccolomini operatic representations and concerts. If the money or funds for which the check was given were in the defendant's hands at the time of giving it to the plaintiff, there was no want of consideration for the promise on the face of the check. It was not shown that he did not hold the funds for which the check was given, and it is inferable from the facts found that he did. The facts were these: Lumley arranged with Ulman that Piccolomini should give representations and concerts in the United States for their joint benefit. The plaintiff was sent from England as the agent of Lumley to receive all moneys accruing from such representations and concerts, to examine, vouch and settle all accounts on behalf of Lumley, and to pay to Ulman such sums as might be coming to him under the contract between Lumley and Ulman. The defendant was Ulman's general agent and manager in respect to such representations and concerts, and acted as such up to the time of giving the check in suit. He appears to have, in person, received and paid all money on account of the performances that took place. In February, 1859, in the city of New York, the plaintiff demanded of the defendant, as Ulman's manager (Ulman being absent from the city), a settlement of the account of all such representations and concerts as had then been given, which settlement the defendant promised should take place. No settlement, however, was at that time had. The performances went on in February and March, in New York and elsewhere in the United States, under the management of the defendant, the plaintiff receiving from time to time from the defendant several sums of money on account of the proceeds of such performances, to which Lumley was entitled. One of these performances was to take place in New Orleans on the 11th March, 1859, both the defendant and Ulman himself being in the city at the time. On that day the plaintiff demanding of Ulman a settlement as to all such concerts as had been given, he promised such settlement, and to give him the check of the defendant for the amount or balance which Lumley was entitled to receive; and the day following promised that if he did not furnish such check by noon of

the 14th March to assign to the plaintiff all the receipts of such representations and concerts which should be subsequently given, after deducting the amount to be paid to the manager of the theater, until the plaintiff had received such balance.   On the 14th March, Ulman, by writing, addressed to the manager of the theater, assigned to the plaintiff all the money accruing to him (Ulman) for such remaining performances in New Orleans.   On the 16th March the defendant made and delivered to the plaintiff the check in suit for the balance, amounting to $2,555.75, of the share to which Lumley was entitled of the proceeds of such representations and concerts prior to the 11th March, 1859, and the share, amounting to $444.50, to which he was entitled of the proceeds of the performance on the last mentioned day.   On receiving the check a receipt for the specific items composing the amount of it was given to the defendant personally.

The transaction, then, in substance, was this:   The proceeds of the performances in which Lumley and Ulman were entitled to share, were collected and held by the defendant. The net receipts of the concerts had come into his hands. The fact of Ulman promising, and the defendant giving, his own check and taking a receipt in his own name for the amount due, shows conclusively that the very money for which the check was given was in the defendant's hands. If it was, there was no want of consideration for the promise on the face of the check.   Instead of paying over Lumley's portion of the proceeds of the concerts held by him, the defendant substitutes his check therefor, and induces the plaintiff to accept it.   Holding Ulman's or Lumley's funds in his hands, and inducing the plaintiff to take his order instead of the funds themselves, the objection that there was no consideration for such order is without force.   Nor can the defendant, after thus inducing the plaintiff to accept his check, question the authority of the latter to receive it.   No one but the plaintiff's principal could repudiate that authority.

2. The plaintiff was the proper party to bring the action. The promise was made to him.   It was a contract in writing

with him personally. Before the Code, an action on the check would have been maintainable only in the name of the plaintiff. Since the Code every action must be prosecuted in the name of the real party in interest, "except that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted" (Code, §§ 111, 113); and it is declared that the "trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." (§ 113.) So that whether the contract was made for the benefit of the plaintiff individually or for the benefit of Lumley, the plaintiff was equally entitled to sue.

The judgment of the Supreme Court should be affirmed.

INGRAHAM, J. The defendant was the agent of D. Ulman. As such agent he received the proceeds of operatic performances. The plaintiff claimed a balance due, and Ulman promised to deliver defendant's check in payment or assign the receipts of certain concerts. He requested defendant to give the check, and plaintiff gave a receipt for the same on Ulman's account and credited Ulman with the amount. Afterward the concerts were held, and plaintiff paid to defendant the share of Ulman which he had received of the concerts, and claims that the said check was held upon a good consideration.

. The defendant objects to the recovery upon the ground that the check was given without consideration, and that that fact may be inquired into between the parties. Admitting the law to be as contended for on the part of the defendant, still there is another rule which takes this case out of the class of cases relied on by the defendant. This check was given by the defendant in payment of the claim of Lumley due from Ulman and at his request. It would be the same as a note borrowed by Ulman from the defendant for the purpose of paying Lumley's claim. In such a case it becomes accommodation paper in the hands of the party for whom it was made and to whom it was passed, and if Lumley had a good claim

against Ulman he can collect the amount of this check passed to him by the defendant for the express purpose of paying this debt. This was so held in *Seneca County Bank* v. *Neap* (3 Comst., 442), in a case where the accommodation party put his name to the note without any restriction, and the court held it was rightly used when paid by the holder for a precedent debt, and that the consideration was sufficient. The present case is a stronger one, for the check was paid by the defendant himself in discharge of the debt due from Ulman to Lumley. An objection is made that the action should be in the name of Lumley. The evidence shows, and the referee finds, that the plaintiff credited Lumley with the amount, and afterward, having received the check, the plaintiff paid over to Ulman's agent the proceeds of certain concerts in his hands and which were held by him as security. These facts gave Fish such an interest in the check as would enable him to maintain an action upon it in his own name, independent of the fact that the contract was with him and the check made payable to his order.

The judgment should be affirmed.

All concur,

Affirmed.