THE CORN EXCHANGE INSURANCE COMPANY *vs.* EDWARD
BABCOCK.

As a general rule, remedies upon the primary debt and upon the collateral
security may be prosecuted at the same time, even to judgment and execu-
tion, though only one satisfaction can be obtained.

If an attempt be made to collect the judgment both upon the original and the
collateral security, that can always be prevented, or remedied, by the order
of the court.

There is no legal objection to pursuing remedies upon the primary and the col-
lateral security simultaneously. Nor is it an effectual bar to the obtaining
of a judgment upon the original demand, that the suit upon the collateral has
been first put in judgment, and that one of the defendants in that judgment
is the sole defendant in the action upon the original claim.

The true test is, has satisfaction been had? If so, all other proceedings will
be stayed; if not, they will be allowed to be continued.

APPEAL by the plaintiff from a judgment entered upon
the report of a referee, dismissing the complaint with
costs.

The action was brought upon a check made by the de-
fendant for $421.54, dated December 21, 1863, payable to
the plaintiff or order, at the Merchants and Mechanics'
Bank, Troy.

The answer, among other things, alleged that the de-
fendant gave the plaintiff a chattel mortgage upon the
boat "Neptune," as collateral security for the payment of
the check and other paper. That the plaintiff had con-
verted the boat to its own use; that its value was about
$2000; and that the boat, at the time of its seizure under
the mortgage, was worth more than the amount due on
the check and the other paper; so that said check was
thereby paid.

On the trial the execution of the check, and its dishonor
and notice thereof to the defendant, were proved, and
were found by the referee. The plaintiff, simultaneously
with the commencement of this action, commenced another
action in this court against the present defendant, Armina
his wife, and Stephen E. Babcock, upon three promissory

notes, each dated December 30, 1863 ; two of which, one being for $1000 and the other for $700, were made by Stephen E. Babcock and indorsed by this defendant and his wife, Armina; and the third, for $600, was made by this defendant and indorsed by Stephen E. and Armina Babcock. The indorsements of Mrs. Babcock were special, in the form stated in that case.(*a*) That action was referred to the same referee who heard this case ; and the pleadings, and the facts found by him, therein, were made a part of this case. Each of the answers, in that action, alleged, specifically, the consideration of those three notes. Although it was not claimed in such answers that any of those notes were collateral to the check, yet it was distinctly alleged that $600 of the note for $1000 was a part of the purchase price of a boat called the "Nettie Van Oercook," bought by Stephen E. Babcock; and that the remaining $400 of such note was collateral security for a check of the same amount, given by Edward Babcock to the plaintiff. On the trial of those actions it was proved that $600 of the $1000 note was a payment towards the "Nettie Van Oercook," and that the remaining $400 of such note was collateral security to the check sued on in this action. Although the referee, in his report, made no allusion to this note being *collateral* to the check, the fact was established by undisputed proof. The chattel mortgage mentioned by the referee, in his report in each case, was found by him to have been given as *collateral* to the *three notes sued on in the other action.* The mortgaged property was taken by the plaintiff, under the mortgage, and the referee decided, in the other action, that the plaintiff was chargeable in that action with the value thereof; and the sum of $1226 was allowed to the defendants in reduction of the plaintiff's claims in that action. And for the balance of such claims, amounting to $709.80, judgment was directed in favor of the plaintiff therein.

(*a*) See *ante, p.* 222.

Corn Exchange Insurance Company *v.* Babcock.

There was no allegation or proof that such judgment, or any part thereof, had been paid or satisfied.

*R. A. Parmenter,* for the appellant.

*J. A. Millard,* for the respondent.

*By the Court,* HOGEBOOM, J.   Although the referee has not found the fact, yet the uncontradicted proof establishes it, and the referee would doubtless have found it upon request, that the note prosecuted in the other action, so far as it covered four hundred dollars of the amount prosecuted for in this suit, was given as merely collateral thereto, and as additional security therefor, and not in payment or satisfactien thereof, or as a substitute therefor. As a general if not a universal proposition, remedies upon the primary debt and upon the collateral security may be prosecuted at the same time, even to judgment and execution, though but one satisfaction can be obtained therefor. (*Davis* v. *Anable,* 2 *Hill,* 339.   *Hawks* v. *Hinchcliff,* 17 *Barb.* 492, 504.   *Butler* v. *Miller,* 1 *N. Y. Rep.* 496, 500, 501.)   If an attempt be made to collect the judgment both upon the original and the collateral security, that can always be prevented, or remedied, by the order of the court.   This seems to be the only question in the case, and to have been momentarily confounded with an attempt to collect at the same time the same debt in two different actions.

Although it most generally happens that the remedies upon the primary and the collateral security are not simultaneously pursued, yet I see no legal objection to their being so pursued.   Nor is it, in my opinion, an effectual bar to the obtaining of a judgment upon the original demand, that the suit upon the collateral has been first put in judgment, and that one of the defendants in that judgment is the sole defendant in the action upon the original

claim. If the actions were properly commenced at the same time, the accidental fact that the action upon the collateral has first culminated in a judgment, cannot render nugatory the proceedings in the other action. And although the defendant Edward Babcock has not appealed from the judgment upon the collateral security, he may yet do so; or, for various other reasons, it may happen that satisfaction of the debt will never be obtained in that action. The true test is, has satisfaction been had? If so, all other proceedings will be stayed; if not, they will be allowed to be continued.

No question arises upon the pleadings. They do not contain, as originally they could not have contained, a statement of the judgment in the collateral action; but they could have been properly amended, or supplemental pleadings allowed, to justify the introduction of the subsequent evidence; and as it was introduced without objection, it will be regarded as admissible under the pleadings, or the pleadings be amended for such purpose.

I think the judgment should be reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, September 16, 1867. *Miller*, *Ingalls* and *Hogeboom*, Justices.]