EDWARD STACK, Respondent, *v.* CHARLES P. WEATHER-WAX, Appellant.

*N. Y. Supreme Court, Third Department, General Term, May* 27, 1889.

*Note. Consideration.*—The execution and delivery of a satisfaction piece of a judgment recovered by plaintiff against defendant's son-in-law upon an agreement that defendant should give his note for a certain amount, constitutes a good consideration, and entitles the plaintiff to recover thereon.

Appeal from a judgment entered upon a verdict directed by the court, and from an order denying a motion for a new trial.

The action was brought on a promissory note. Plaintiff had recovered a judgment against defendant's son-in-law, and at the time defendant delivered to plaintiff said note, plaintiff executed and delivered to defendant a satisfaction of said judgment. Plaintiff's testimony was to the effect that he had tried to collect the judgment by execution; that the defendant came to him and stated that if he would satisfy the judgment against his son-in-law, Van Loon, he would give plaintiff his note, payable in six months, for eighty dollars, in payment of the judgment; that they went to the law office of Mr. Reynolds at Amsterdam, who, at the request of the parties, drew the note in suit and a satisfaction of the Van Loon judgment; that the defendant then signed the note, delivered it to the plaintiff, and the plaint-

iff signed and acknowledged the satisfaction of the judgment and delivered it to the defendant, who handed it to Mr. Reynolds and requested him to get the Montgomery county clerk's certificate attached, showing that he, Reynolds, was a notary. The clerk's certificate was obtained.

*Edward J. Maxwell*, for appellant.

*Louis H. Reynolds*, for respondent.

PER CURIAM.—There was no sufficient evidence of duress to go to the jury.

The defense of want of consideration was not sustained. Contemporaneously with the execution of the note, the plaintiff executed, acknowledged and left for the defendant a satisfaction piece of the judgment recovered by the plaintiff against Van Loon. Whether Van Loon was solvent or not at that time, this was a consideration, if the parties so agreed, for the defendant's note.

Judgment affirmed, with costs.