## QUEENS COUNTY BANK *v.* LEAVITT.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

1. CONTRACT—CONSIDERATION—RENEWAL NOTE.
   A renewal note, signed by a married woman as surety for her husband, is supported by a sufficient consideration where the payee surrenders the old note of the husband.

2. PLEDGE—ACTION FOR DEBT—RETENTION OF COLLATERAL.
   The retention of securities deposited as collateral security will not bar an action on the note secured, nor is there any obligation on the payee to sell the securities before bringing his action.

Appeal from circuit court, Queens county.

Action by Queens County Bank against Eliza M. Leavitt. There was judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. A. S. Van Nostrand,* for appellant. *Rice & Bijur, (Nathan Bijur,* of counsel,) for respondent.

DYKMAN, J. This is an action founded on a promissory note, of which the following is a copy:

" $3,100.                                     L. I. CITY, May 1, 1888.

" On demand, I promise to pay to Queens County Bank or order thirty-one hundred dollars, for value received, with interest at the rate of six per cent. per annum, having deposited with them as collateral security, with authority to sell the same at the brokers' board, or at public or private sale, at their option, or on the non-performance of this promise, and without notice, Cert. 100 shares Houston and Texas R. R., bond and mortgage of John H.

Stull, $2,648.50. In consideration of one dollar to me in hand paid, I hereby bind my separate estate for payment of the above amount.

"ELIZA M. LEAVITT.
"RUFUS W. LEAVITT."

It is stated in the points for the respondent that the note is not correctly printed as it is given above, but that the agreement of Eliza M. Leavitt was written on the face of the note, and signed by herself alone, and independently of the signature of Rufus W. Leavitt. Eliza M. Leavitt is a married woman, and the wife of Rufus W. Leavitt; and it appeared in evidence on the trial of this action that the plaintiff held a note against Mr. Leavitt for $5,100, with 100 shares of Houston & Texas railroad stock, and a bond and mortgage for $2,648.50, as collateral security. Considering the security insufficient, the bank officers requested Mr. Leavitt to pay $2,000 on the note, which he did; and then the defendant signed the note on which this action is brought for the purpose of taking up the old note. Mr. Leavitt testified that after he paid the $2,000 in cash, and handed to the cashier his note for $3,100, his old notes were surrendered to him, and then, shortly afterwards, the cashier came to him, and said he thought that Mrs. Leavitt ought to sign the note also, and "So you will see she signed above me on this note." This testimony contradicts the statement in the points, but the precise location of the signature on the face of the paper is quite immaterial, for the note is to be regarded as the joint and several promissory note of the parties who signed it. Story, Prom. Notes, § 57. The proof shows the husband to be the principal debtor, and that the wife signed the note as his surety, and charged her separate estate with its payment, as she might lawfully do. *Insurance Co.* v. *Babcock,* 42 N. Y. 613. The surrender of the old paper by the bank was a sufficient consideration to impart validity to the new note, and the defendant cannot escape liability because she signed as surety. *Schepp* v. *Carpenter,* 51 N. Y. 602. Much of the commercial paper discounted by banks bears the name of an accommodation maker or indorser; but, when it falls into the hands of a *bona fide* holder before maturity, it becomes a binding obligation against all the parties.

The retention of the securities recited in the note is not a bar to this action. According to the recitation in the note, they were deposited as collateral security, and then were in no sense received as payment of the note. Neither was there any obligation resting upon the bank to sell the securities before commencing this action. The remedy upon the primary obligation might be pursued independently, or even concurrently with the remedy upon the collaterals. *Insurance Co.* v. *Babcock,* 57 Barb. 231. We find no error in the record, and the judgment should be affirmed, with costs. All concur.