(13 App. Div. 555.)

### BECKER v. FISCHER.

(Supreme Court, Appellate Division, Fourth Department.　January 27, 1897.)

BILLS AND NOTES—CONSIDERATION—DISCHARGE OF ANOTHER'S DEBT.

 The discharge by a firm of a debt due from one of its members is a valid consideration for the note of the debtor's father, to pay a sum of money to secure the discharge.

Appeal from superior court of Buffalo, trial term.

Action by Charles J. Becker against John G. Fischer on a note. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

After the jury was sworn, the defendant moved to dismiss the complaint, "on the ground that it presents no allegations of fact sufficient to constitute a cause of action." The court denied the motion, and the defendant excepted. When the plaintiff offered the note mentioned in the complaint in evidence, it was objected to, and the objections were overruled, and an exception was taken by the defendant, and the note was read in evidence. At the close of the plaintiff's evidence, the defendant renewed his motion for a nonsuit, and the court stated, viz.: "I am inclined to think there is a question for the jury in this case." Thereupon the defendant's counsel "moved for a nonsuit, on the ground that the plaintiff has not proved this agreement collateral; that he has proved no consideration for it as an original agreement." In response thereto, the court denied the motion, holding as follows: "You claim that this was a loan; that there was no consideration for it; simply a loan of this note to the firm. I think the decision of this case turns on that question. I will deny your motion at this time." The defendant took an exception, and put in such testimony as the defendant gave as a witness. When the evidence was closed, the defendant moved for a nonsuit, and stated: "There is no consideration recognized by law, or a promise to pay the note." In response to that motion, the court observed: "There is a question whether there was an agreement at the time this note was delivered to this firm by the defendant,—an agreement on the part of the defendant that it should be the payment of his son's debt to the firm." The defendant took an exception. On the 5th of June, 1895, the plaintiff was appointed receiver of the firm of Becker & Fischer, and it is alleged on that day he qualified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Stephen Lockwood, for appellant.
Williams & Willett, for respondent.

HARDIN, P. J.　The second rule prescribed in section 481 of the Code of Civil Procedure for a complaint is in the following language: "A plain and concise statement of the facts, constituting each cause of action, without unnecessary repetition."

It is alleged in the complaint: That in July, 1894, Charles J. Becker and Cornelius J. Fischer formed a co-partnership under an agreement to engage in the produce commission business in the city of Buffalo. It is also alleged: That, prior to the 30th of July, Becker was engaged in the produce commission business, and was the owner of an established business, and of goods, merchandise, office and store furniture and fixtures, of the agreed value of $600. That, pursuant to the partnership agreement, Cornelius J. Fischer "agreed to pay to the partnership so formed, as a part of the part-

nership assets, the sum of six hundred dollars in money." That, at the time of the formation of the partnership, he paid $100. It is alleged that, after the agreement of co-partnership, the business of the firm "required that the said Fischer should contribute the balance of the sum agreed upon to be paid to the said firm, but that the said Fischer was unable to pay the same in cash; and this defendant, being the father of the said Cornelius J. Fischer, made and executed and delivered to the said firm of Becker & Fischer his promissory note or instrument in writing,  *   *   * wherein and whereby, for value received, he promised and agreed to pay, three months after the date thereof, to the order of the firm of Becker & Fischer, the sum of five hundred dollars, at the Bank of Buffalo, N. Y., and, for value received, delivered the same to the said firm of Becker & Fischer." It is also alleged: "That said note was delivered by the defendant to the said firm of Becker & Fischer, with and upon the express understanding and agreement between the said firm of Becker & Fischer and the said defendant that the same was to be received by the said firm as a payment upon account of the sum which his son, the said Cornelius J. Fischer, owed to said partnership." It is alleged: "That when said note became, by the terms thereof, due and payable, the defendant was unable to pay the same, and requested the firm of Becker & Fischer to cause the same to be renewed, which was done at the banking office of the Bank of Buffalo." That a renewal note was given to take up the note above set forth, which renewal note is set out in the complaint. "That, at the time of the execution and delivery of the renewal note,  *   *   *  the Bank of Buffalo, by whom the first note had been discounted for Becker & Fischer, requested of the said firm of Becker & Fischer and of this defendant that, for the convenience of the bank, the said note be executed by the said firm of Becker & Fischer as makers, payable to the order of this defendant, and that said defendant indorse the same, which was done; it being first expressly understood and agreed between the said firm of Becker & Fischer and this defendant that the alteration of the form of said note should in no wise affect the liabilities of the respective parties to the note then about to be taken up, and that the liability of this defendant upon the renewal note should remain that of the maker, and that the execution of said note by and on the part of said firm of Becker & Fischer should be solely for the purposes of discount. That the note above described was surrendered by the Bank of Buffalo, and taken by this defendant, who, so far as this plaintiff knows or is informed, still has the same. That the note executed by the firm of Becker & Fischer to the order of this defendant, and by him indorsed to take up the note above set forth, was in the words and figures following, to wit:

" '$500.00.          ·                          Buffalo, Oct. 12, 1894.
    " 'Three months after date, we promise to pay to the order of John G. Fischer five hundred dollars.
        " '[Signed]                              Becker & Fischer.
        " '[Indorsed]                   .          John G. Fischer.'

—"That said note was, for value, delivered to said firm of Becker & Fischer, and by them discounted with said bank." ·

It is averred that the note never was paid by the defendant; that it was paid by the firm of Becker & Fischer at the bank; and that the note was delivered by the bank to the firm of Becker & Fischer, who were the owners and holders of said note until the appointment of said plaintiff as receiver of said firm.

The indebtedness of the son to the firm under the agreement of co-partnership, by which he had agreed to contribute $600 to the capital stock of the firm, was sufficient consideration for the promise contained in the note made by his father, the defendant, and delivered to the firm in liquidation of his obligation assumed to the firm. The firm consented to receive the note of the defendant as a discharge of the remaining $500 to be contributed by the son to the co-partnership.

In the course of the opinion delivered in Struthers v. Smith, 85 Hun, 262, 32 N. Y. Supp. 905, it was said:

"It is well settled that the discharge by A. of a doubtful claim against B. is a good consideration for the promise by C. to pay a sum of money to secure such discharge. White v. Hoyt, 73 N. Y. 505; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280; Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094."

It may be assumed, therefore, that the defendant, by executing the note for $500 "to extinguish the other debt," and delivering the same to the firm for the purposes of discount, and the firm having caused the same to be discounted at the bank for the benefit of the firm, became obligated to pay the sum of $500 to the bank; and, when that note became due, he was indebted to the bank in the sum of $500. The note recited that it was given for value received, and by its terms gave rise to the presumption that it was for value. 2 Rand. Com. Paper, § 466; Bottum v. Scott, 11 N. Y. St. Rep. 514.

When the note of the defendant matured, in October, 1894, he, it seems, according to the testimony, was not ready to pay it, and sought to have the bank extend the time of payment on the note; and the second note was made to take up the first note upon which the defendant was liable as maker, and upon which the firm were liable as sureties. At the time the second note was made, according to the testimony, an agreement was entered into by the defendant that his liability should remain the same although the form of the note was changed. In other words, he became in form the indorser, although, according to the agreement, in fact the principal obligator to the bank; and, apparently to accommodate the desires of the bank, the form of the note was changed, the defendant agreeing that the liability should remain the same as though he had made the note in the form of the first note, recognized as his debt.

The discount clerk of the bank was called as a witness for the plaintiff, and testified, viz.: "The note that went through the bank October 12th was given to take up a prior note." After that testimony was given, the case shows, viz.: "The defendant's counsel

here admits that the note of October 12th was made and indorsed for the purpose of taking up the prior note made by the defendant." When the second note came due, the firm took the note by paying the same to the bank, and received it from the bank, and thereby became the owner of the cause of action, as well as the note theretofore held by the bank, and entitled to the benefit of the agreement made by the defendant at the time of the renewal of the note. The firm was in possession of the second note, and of the rights accruing under the agreement made by the defendant at the time of the discounting of the second note; and, having paid money apparently at the instance and under the arrangement of the defendant, the firm was entitled to reimburse itself for the moneys so advanced. When the insolvency of the firm ensued, and the plaintiff was appointed its receiver, he succeeded to the several rights which the firm held against the defendant. The plaintiff's evidence warranted the jury in finding the facts as we have already stated them. To dispute the testimony offered by the plaintiff upon some of the vital questions which have been mentioned, the defendant was called as a witness, and gave testimony contradicting the testimony of the plaintiff in some of its essential features. We think the conflict was fairly presented by the learned trial judge to the jury, referring, as he did, to the circumstances disclosed by the testimony on either side in submitting the whole case to the jury. Their verdict seems to be in accord with the testimony offered by the plaintiff. The trial judge had an opportunity, when the motion was made for a new trial on the minutes, to review the evidence; and it is fair to infer that he saw nothing in the conduct of the witnesses on either side which called upon him to interfere with the finding of the jury, and we have discovered nothing in the appeal book which inclines us to disturb the conclusion reached by him in his review of the evidence. Both of the principal witnesses were interested in the event of the action, and were so situated with reference to the principal transactions that it became necessary for the jury to determine, upon their conflicting testimony, which one was to be credited. Elwood v. Telegraph Co., 45 N. Y. 549; Kavanagh v. Wilson, 70 N. Y. 177; Goldsmith v. Coverly (Sup.) 27 N. Y. Supp. 116; Olsen v. Ensign, 7 Misc. Rep. 682, 28 N. Y. Supp. 38; Koehler v. Adler, 78 N. Y. 287; Quock Ting v. U. S., 140 U. S. 422, 11 Sup. Ct. 733, 851. Besides, the certificate found in the appeal book at folio 136 is informal and irregular. It is in the following words: "The foregoing contents are all the testimony and proceedings taken and heard upon the trial of said action."

Judgment and order affirmed, with costs. All concur.