## KAPILOFF v. FEIST.

### (Supreme Court, Appellate Term. December 7, 1904.)

1. **MONEY LENT—ACTIONS—RETURN OF SECURITY.**
   Where plaintiff obtained the proceeds of the discount of a stranger's note handed him by defendant, and loaned the money thus procured to defendant, an action against defendant to recover the money loaned could not be maintained upon the note, neither plaintiff nor defendant being parties thereto, but was upon the debt, and, even assuming that the note served as security therefor, yet the action was not dependent upon the return of the note.

2. **TRIAL—INSTRUCTIONS—DISCREDIT OF TESTIMONY.**
   An instruction that the jury may disregard the uncontradicted testimony of a disinterested witness is erroneous.

3. **APPEAL—WAIVER OF ERRORS.**
   Failure to raise the point that a certain error calls for reversal operates as a waiver of the point.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Max Kapiloff against Adolph Feist. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Joseph Wilkenfeld, for appellant.
Morris Meyers, for respondent.

BISCHOFF, J. . The plaintiff procured some other person to obtain the proceeds upon the discount of a promissory note handed him by the defendant, and, having received the proceeds, he loaned the money to the defendant. The note was not paid at maturity, and this action was brought to recover the money loaned. Neither the plaintiff nor 'defendant being parties to the note, this action could not be brought upon it, and the result of the transaction was simply that the plaintiff obtained money, pledging his own credit to the person who procured the discount, which money he in turn loaned to the defendant. Assuming that, in some aspect, the note served as security for the debt, still the action upon the debt did not depend upon the return of the security. Queens Co. Bank v. Leavitt (Sup.) 10 N. Y. Supp. 194. The actual issue in the case was whether the loan was made to the defendant or to somebody else, and this issue was fairly presented to the jury, under instructions which preserved the defendant's rights upon every material question. We have not overlooked the fact that an instruction was given, upon a modification of a certain request to charge, which, as transcribed in the return, would disclose error. As modified by the court, this instruction was that the jury might disregard the uncontradicted testimony of a disinterested witness, but, in view of the appellant's omission to make any point of this apparent error, we assume that the understanding of the justice, counsel, and the jury was that the word "interested," not "disinterested," was used, the mistake being one of transcription. If

the appellant had raised the point that this error called for a reversal, the respondent might properly have sought an amendment of the return, but, not having been raised, the point is to be deemed waived.

Our examination of the questions presented by the appellant discloses no ground for a reversal, and the judgment is therefore affirmed, with costs. All concur.