EDMUND PARTYKA, Appellant, *v.* STANISLAURA ZAWADZKI, Respondent.

Supreme Court, Erie County, April 14, 1928.

Evidence — competency — action to recover amount of check which defendant delivered in 1928 in return for promissory note given by her husband in 1916 to third party who indorsed and delivered it to plaintiff — evidence of third party to prove that note was given for value after it was made by defendant's husband and delivered to third party to secure payment of loan and that interest had been paid by maker in his lifetime, was competent, under Civil Practice Act, § 347 — dismissal of complaint was error.

This is an action to recover the amount of a check which plaintiff alleged defendant delivered in 1928 in return for a promissory note given by defendant's deceased husband in 1916 to a third party who duly indorsed and delivered it to plaintiff. The check had been indorsed by said third party and delivered to plaintiff, who discovered defendant had stopped payment thereon, contending that she was not indebted to plaintiff or said third party when she gave the check, and that the note was made and delivered more than six years prior to 1928.

Evidence by the third party to prove that the check was given for value after the note was made by defendant's husband and delivered to the third party to secure the payment of a loan, and that the interest had been paid by the maker in his lifetime to the plaintiff, thus preventing the running of the Statute of Limitations, was not incompetent under section 347 of the Civil Practice Act; said third party as a witness was competent to testify to those facts, although they did involve personal transactions between him and the deceased maker of the note, for, while the witness was the person from whom plaintiff derived his title to the note, he was not being examined as a witness in behalf of the executrix of the deceased maker of the note but as a witness against defendant, in an action against her individually upon the check. The dismissal of the complaint, therefore, was error.

APPEAL by plaintiff from judgment of Buffalo City Court dismissing the complaint.

*J. S. Kaszabowski,* for the appellant.

*Leon J. Nowak,* for the respondent.

BROWN, J. In April, 1916, W. H. Zawadzki, the then husband of the defendant, made his promissory note whereby he promised to pay to the order of Vincent Zawadzki $500 on demand for value with interest; delivered the same to the payee, Vincent Zawadzki, who duly indorsed and delivered the same to the plaintiff before maturity, who ever since has been the owner and holder thereof.

On February 21, 1928, the defendant, widow of W. H. Zawadzki, delivered to plaintiff her check upon the Liberty Bank of Buffalo for $500 payable to Vincent Zawadzki and concurrently therewith received from the plaintiff the said promissory note, the maker

thereof having died in 1916. Upon presentation of such check for payment the plaintiff, to whom the check had been indorsed and delivered by Vincent Zawadzki, was advised that the defendant had stopped payment thereof. Thereupon the plaintiff brought this action in the City Court upon the check to recover the amount thereof, alleging in his complaint that the check was given for value. The defendant denied in her answer such allegation and alleged that she was not indebted to the plaintiff, or Vincent Zawadzki when she gave such check and that the said promissory note was made and delivered more than six years prior to the 21st day of February, 1928. The plaintiff, to prove that the check was given to him for value, sought to prove by Vincent Zawadzki, the payee and indorser of the note, that the note was made by W. H. Zawadzki and delivered to Vincent Zawadzki to secure payment of $500 loaned by Vincent Zawadzki to W. H. Zawadzki, and that interest had been paid by the maker in his lifetime to the plaintiff, preventing the running of the Statute of Limitations. To such evidence the defendant objected upon the ground that it was in violation of section 347 of the Civil Practice Act, which objections were sustained by the trial judge and exceptions thereto were taken by plaintiff. The evidence was competent; it was error to reject it. The witness Vincent Zawadzki was competent to testify to those facts although they did involve personal transactions between the witness and the deceased maker of the note. Section 347 of the Civil Practice Act provides that upon the trial of an action a person from, through or under whom a party derives his interest shall not be examined as a witness in behalf of the party succeeding to his title or interest against the executor, administrator or survivor of a deceased person concerning a personal transaction between the witness and the deceased person. While Vincent Zawadzki was the person from whom plaintiff derived his title to the promissory note he was not being examined as a witness in behalf of the plaintiff against the executor, etc., of the deceased maker of the promissory note. He was being examined as a witness against Stanislaura Zawadzki. She was not being sued as administratrix, etc., of her deceased husband; the action is against her individually upon the check; the action was not upon the note; no liability could have been created against the defendant solely by the evidence sought; the testimony should have been received. Had it been received and a finding been based thereon that the promissory note had been given for value and kept alive by payment of interest by the maker and it also had been found that the plaintiff delivered such note to the defendant in exchange for the check sued on either as a sale of the note

to the defendant or in satisfaction, surrender discharge of note as a claim against the maker's estate then the plaintiff would have been entitled to judgment. (*Fish* v. *Jacobsohn*, 1 Keyes, 539; *Stack* v. *Weatherwax*, 52 Hun, 615; *Housatonic Nat. Bank* v. *Foster*, 85 id. 376; *Queens County Bank* v. *Leavitt*, 10 N. Y. Supp. 194; *Hayes* v. *Mestaniz*, 9 Misc. 705; *Becker* v. *Fischer*, 13 App. Div. 555.)

The trial court dismissed the complaint upon the ground that the plaintiff had not proved that the check sued on was given for a valuable consideration, that there was no proof that the note had been given for value; that the action not being on the note evidence that the note had been given for value and kept alive by interest payments by the maker, was immaterial.

For such error the judgment must be reversed, with costs, and new trial ordered in City Court.