GEORGE T. WOOD *v.* JAMES T. DERRICKSON and JOHN CLAPP, JR.

To sustain an action upon an undertaking given on appeal, it is not necessary that an execution should have been issued upon the judgment when affirmed. The undertaking is forfeited and the liability of the sureties fixed as soon as the judgment of affirmance takes place, and the debtor makes default in its payment.

In such an action, an answer which sets up that the defendant in the judgment owned real estate, and the execution issued was returned by the sheriff before the expiration of sixty days, at the plaintiff's request, without attempting to make the money out of the real estate, is frivolous.

APPEAL by defendants from an order made at special term by Judge Brady, directing judgment on account of the frivolousness of an answer. The action was upon an undertaking given on appeal in the usual form. The nature of the defence set up in the answer is stated in the opinion of the court.

*Stephens and Hoxie*, for the appellants.

*James M. Smith, Jr.*, for the respondent.

INGRAHAM, FIRST JUDGE.—There is no ground upon which this appeal can be sustained.

The action was upon an undertaking given on appeal, and was conditioned for the payment, of all costs and damages which might be awarded on appeal, and of the judgment of affirmance. It did not require the issuing an execution, but was forfeited as soon as the affirmance of the judgment took place, and the debtor made default in its payment.

The answer merely sets up that the defendant was the owner of real estate, and the execution issued was returned by the sheriff before the expiration of sixty days, at the plaintiff's request, without attempting to make the money out of the real estate.

This formed no defence to the action. It did not relieve the defendants from their liability previously incurred. It may be

that the surety might have required the creditor to issue an execution and levy on the real estate; but, without such a request, he cannot complain that the creditor has not pursued his remedy further against his debtor than the issue of an execution.

The order appealed from is affirmed, with costs.