## TAYLOR v. ROOT.

### December, 1868.

In an action by several plaintiffs, on a contract, for an accounting, if the contract itself divides the fund, and makes a specific share due to each, a cause of action in favor of the defendants against one of the plaintiffs, though it could not be set up to bar the right to an accounting, is a proper counter-claim against the share of the plaintiff whom it affects.

Taylor v. Root.

In such a case the claim of the plaintiffs is several, within the meaning of the Code.

A judgment, even though recovered in an action of tort, is a contract, within the provisions of the Code allowing a claim on contract to be set up as a counter-claim, in any action on contract.*

The original cause of action is merged in the judgment.

Thomas D. Taylor and others sued Russell C. Root in the supreme court, in 1861, for an accounting in reference to the profits of a joint publication.

In 1857 the parties undertook the publication of a Marine Register, and supplements. Plaintiffs were to furnish the reports and all other matter for publication; and defendants were to print, publish, deliver the the work, collect the subscriptions, pay expenses, and to account annually as follows:

"The remainder or net proceeds . . . shall be divided in five equal parts, two of which shall be retained and become the property of the said R. C. R. A. & Co. (the defendants), and one of the remaining three parts shall be paid by the said R. C. R. A. & Co. (the defendants) in cash to each of the other parties to this agreement" (the plaintiffs).

The answer set up two defenses.

1. It averred that another action was pending in the same court, between the same parties, and for the same cause.

2. It set up as a ground of counter-claim or set-off, a judgment recovered by the defendant Root, against the plaintiff Hartshorne, and assigned by Root to all the defendants, before the present action was commenced.

The referee held that the pendency of the other action was not a bar, and that the judgment alleged, having in fact been recovered in an action for slander, was not available as a set-off; and accordingly he stated the account and gave judgment for the plaintiffs.

*The supreme court* affirmed the judgment, and defendants appealed, and the question in this court was, whether the counter-claim was admissible, and this turned on the question

---

* On this point the authority of this case must be deemed shaken by McCoun v. N. Y. Central, &c. R. R. Co., 50 N. Y. 176.

whether a judgment recovered for damages for a tort, is "a contract," within the provisions of the Code as to counterclaim.

*John H. Reynolds,* for defendants, appellants.

*John B. Staples,* for plaintiffs, respondents.

BY THE COURT.—WOODRUFF, J.—1. The agreement, set forth in the complaint herein as the foundation of the action, required the defendants to divide the net proceeds of the publication of the New York Register, &c., into five parts. Two of these parts the defendants were to retain to themselves, and one of the remaining three parts they were to pay to each of the plaintiffs.

The plaintiffs were entitled to an accounting; but although they joined in an action to compel the defendants to render an account, they could not thereby change the several nature of their respective claims to payment. When the amount of net proceeds was ascertained or admitted, each plaintiff was entitled to an equal one-fifth part thereof; and a judgment declaring the several amounts due to each plaintiff, from the defendants, would have been legal and appropriate.

Hence, as to either of the plaintiffs, if the defendants had averred and proved payment in full of his share of such proceeds, the defense, as to such plaintiff, would have been effectual to prevent a recovery, and yet the other two plaintiffs would have been entitled to judgment for the several amounts of their shares.

For example, suppose the defendant's answer had admitted the liability to account,—admitted the amount of the net proceeds, and the amount of each share of one-fifth,—claimed to retain two shares,—admitted that one share was due to each of certain two of the plaintiffs,—but, as to the other plaintiff, averred that the defendants had paid to him his share in full. This would, as to such last named plaintiff, have been a defense, and if proved, would have prevented his recovery.

The same principle is applicable to a defense in the nature of a set-off or counter-claim under our Code of Procedure.

By section 150, a counter-claim must be one, existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action.

As in the case of payment to one of the plaintiffs of his share in full or in part, the judgment might properly be several in respect to the amounts to be paid to the other two plaintiffs, or in respect of a balance, if any, due to the third, so in the case of a counter-claim in favor of the defendants against either of the several plaintiffs.

The plaintiffs' claim is undoubtedly correct, that where the cause of action is strictly joint, and the recovery, if had, is for the joint benefit of the plaintiffs; as for example, where the plaintiffs are partners, asserting the right of the copartnership firm as such to recover, and like cases,—in which it would be wholly incompetent for the defendants to enter into any attempt to state the accounts between the plaintiffs, to ascertain what portion of the recovery would ultimately inure to the benefit of each—the defendants could not set-off or counter-claim the individual debt of either plaintiff to defeat or reduce a joint recovery; nor here, could the separate or individual debt of either be set up as a set-off or counter-claim to affect the several right of the other plaintiffs to an accounting, or to defeat or diminish their recovery of the several amounts of the share due to each of them.

But where, by the contract itself, the fund is divided, and one share, specifically mentioned, is due to each, so that allowing the set-off as to one only, affects the judgment as between him and the defendants, and in no wise affects the recovery in favor of the others for the full share due to each, then the claim of the plaintiffs is several within the meaning of the section of the Code referred to, and a set-off or counter-claim is expressly allowed. A judgment declaring their separate or several rights is proper. No accounting between the plaintiffs to settle their respective interest in the proceeds is required, nor could it be allowed to affect the rights of the defendants as against each plaintiff; the plaintiffs' interests are expressly defined and declared in the agreement upon which the action is founded, viz., one-fifth to each.

The question here is, not whether the right to an account is

strictly joint, nor whether the defendants could have been subjected to three separate actions to compel an accounting to each plaintiff. If it be conceded, for the purposes of this appeal, that the plaintiffs could join, as they did, in bringing the action, or conceding, even further, that they must join, it still remains true that the judgment will appropriately award to the plaintiffs, severally, each one-fifth part of the proceeds ascertained thereby; and payment to either plaintiff would defeat his claim and leave the others to have judgment awarding to each of them his share; and a set-off or counter-claim would have its several operation in like manner.

II. If, then, the claim of the defendants against the plaintiff, Hartshorne, was one which, within the provisions of the Code, was a proper subject of counter-claim, the referee erred in rejecting it, when he should have allowed it against the one-fifth of the proceeds which the defendants had agreed to pay to Hartshorne.

The claim was a judgment against the plaintiff, Hartshorne, recovered, assigned to and held by the defendants before the commencement of this action.

The Code of Procedure, in declaring what may be allowed as a counter-claim, provides that a defendant may set up, " in an action on contract, any other *cause of action* arising *also on contract*, and existing at the commencement of the action."

It appears by the case, that the referee rejected the defendants' claim, on the ground that the judgment held by them against Hartshorne, was recovered in an action " founded *not on contract* but *on tort*, being for slanderous words spoken by the said Hartshorne," of and concerning the plaintiff therein.

This was erroneous. The nature of the action wherein the judgment was recovered, and the cause thereof, were wholly immaterial, and in no manner affected the right of counter-claim ; the error of the referee either proceeded from a misapprehension of the meaning of the section above cited, or it overlooked the elementary definitions in the law of contracts.

Contracts are of three kinds: simple contracts, contracts by

specialty, and contracts of record. A judgment is a contract of the highest nature known to the law. Actions upon judgment are actions on contract (See *Blackstone, Chitty, Addison, Story, Parsons,* or any other elementary writer on contracts). The cause or consideration of the judgment is of no possible importance; that is merged in the judgment. When recovered, the judgment stands as a conclusive declaration that the plaintiff therein is entitled to the sum of money recovered. No matter what may have been the original cause of action, the judgment forever settles the plaintiff's claim and the defendant's assent thereto; this assent may have been reluctant, but in law it is an assent, and the defendant is estopped by the judgment to dissent. Forever thereafter, any claim on the judgment is setting up a cause of action on contract. It is strictly an action *ex contractu,* if suit is brought thereon; it is no less *ex contractu* when set up as a counter-claim.

For this error of the referee, the judgment must be reversed, and a new trial ordered, that the counter-claim may be allowed.

All of the judges but HUNT, Ch. J., and CLERKE, J., concurred.

Judgment reversed, and new trial ordered, costs to abide event.