ARTHUR FURBER, Appellant, v. ALEXANDER L. McCARTHY and WILLIAM C. SMITH, Respondents.

*Counter-claim — action on an undertaking, given to procure an arrest, is not an action on contract.*

An undertaking, executed in the form required by the statute, on an application to obtain an order of arrest, does not create a contract obligation, and an action, brought for the recovery of damages thereon, is not an action upon contract to which a liability existing upon another contract can be interposed as a counter-claim.

Appeal by the plaintiff from judgment, entered in the office of the clerk of the county of New York, March 26, 1888, dismissing the complaint after a trial by the court without a jury.

*Arthur Furber,* appellant, in person.

*E. P. Johnson,* for the respondents.

VAN BRUNT, P. J.:

The facts are as follows: In February, 1884, one De Berg gave his note of $261.25, for value, to the firm of Shufeldt & Co., payable at four months after date, and which has never been paid. Subsequently Shufeldt & Co. sued De Berg for damages because of false representations. De Berg was arrested in that action, and, for the purpose of obtaining the order of arrest, Shufeldt & Co. procured the defendants herein to execute an undertaking in the form required by law. The action was tried in June, 1885, and the defendant was successful, and on June 6, 1885, a judgment was entered in his favor for $122.45 costs. On June eighth Shufeldt & Co. assigned and transferred said note to the defendants. Other costs were awarded in the action, amounting to ninety-four dollars and ninety-eight cents. In November, 1885, De Berg assigned the said undertaking, and the cause of action, which had arisen thereunder, to the plaintiff herein. On November 24, 1885, Shufeldt & Co. paid said two bills of costs to De Berg's attorney, and the judgment therefor was satisfied. De Berg became insolvent before the maturity of the note, and is still so insolvent. The plaintiff had knowledge of the existence of the note, and that it was unpaid, but he had no knowledge, nor had De Berg, of the transfer of said note to the defendants until service of the answer in this action.

The plaintiff, as assignee of the said undertaking, brought his action to recover thereon from the defendants, the obligors in the undertaking. The defendants sought to counter-claim the note, which was allowed by the court, and from the judgment thereupon entered this appeal is taken. The sole question involved upon this appeal is whether the defendants could counter-claim this note to the liability which had arisen upon the undertaking. The solution of this question seems to depend upon the question as to whether the undertaking was a contract or not. That it was not a contract seems to be apparent when we consider what are the elements necessary to constitute a contract. A contract is defined to be " a deliberate engagement between competent parties upon a legal consideration, to do, or to abstain from doing, some act."

The undertaking in question is not a contract because it is unilateral and the party for whose benefit it was given had no volition in the matter. It is merely a statutory obligation, having no consideration to support it, the only obligation arising under it being because of the provision of the statute. De Berg was not a party to it, and in no way consented to it. The undertaking is a statutory indemnity in the nature of a penalty, which the obligees in the undertaking incur, because of the wrongful act of the parties for whom they have become the sureties. The case seems to come distinctly within the principles laid down in the case of *McCoun* v. *New York Central Railroad Company* (50 N. Y., 176), where a contract was defined to be " a drawing together of minds until they meet, and an agreement is made to do or not to do some particular thing."

The court also held that " a statutory liability wants all the elements of a contract, consideration, mutuality, as well as the assent of the party." It seems to be reasonably clear that the undertaking in question not being a contract, an action upon it is not an action upon contract to which a liability upon another contract can be set up as a counter-claim.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide final event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide final event.