PETER A. DELANEY, Respondent, v. CHARLES MILLER, JR., Appellant.

*Demurrer to a separate answer — what considered upon the argument thereof — right of an attorney to costs recovered — it is not subject to set-off in favor of the adverse party.*

In the consideration of a demurrer to a separate answer the court has before it and can consider only the complaint, the separate answer demurred to and the demurrer.

Costs recovered in an action belong to the attorney without any assignment, and the claim of the attorney thereto is superior to the right of the adverse party in the action to set off claims existing in his favor against the successful party.

APPEAL by the defendant, Charles Miller, Jr., from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 22d day of January, 1894, upon the decision of the court rendered at the Albany Circuit sustaining the plaintiff's demurrer to the separate defense and counterclaim contained in the defendant's amended answer on a trial before the court without a jury, and also from the order upon which said judgment was entered.

The complaint in this action alleged that the plaintiff was an attorney at law; the recovery of certain judgments for costs in actions in which one Mary Considine was defendant, for whom plaintiff acted as attorney; that said Mary Considine was insolvent; that she had assigned her interest in said judgment and in said undertaking to the plaintiff; that the plaintiff has not been paid; that the defendant had signed an undertaking on appeal to secure the payment of such judgment, and that the defendant had not paid such costs.    The defendant answered as follows:

"*Second.* The defendant, for a further and separate defense, and as a counterclaim, alleges, upon information and belief, that on the 14th day of March, 1893, Mary Considine, the plaintiff's assignor, was lawfully indebted to one William J. Maher, for goods sold and delivered, in the sum of $21.91, and that on said 14th day of March, 1893, said William J. Maher, for good and valuable consideration, duly sold and assigned his said claim against said Mary Considine and the debt to one Abram Barnett, and

"Defendant further alleges, upon information and belief, that on the 15th day of March, 1893, said Mary Considine, the plaintiff's

assignor, was lawfully indebted to one Robert C. Batchelder, for goods sold and delivered, in the sum of $22.50, and that on the said 15th day of March, 1893, said Robert C. Batchelder, for good and valuable consideration, duly·sold and assigned his said claim against said Mary Considine and the debt to Abram Barnett aforesaid, and

"Defendant further alleges, upon information and belief, that on the 20th day of December, 1892, one Patrick Conroy duly recovered a judgment in his favor for $30.22 against plaintiff's assignor, said Mary Considine, which judgment was duly rendered by the City Court of Albany, in an action in said court, wherein said Patrick Conroy was plaintiff, and said Mary Considine was defendant, and that on the 15th day of March, 1893, said Patrick Conroy, for value received, by an instrument in writing, duly sold, assigned and transferred said judgment and all his rights thereunder to Abram Barnett aforesaid.

"Defendant further alleges that on the 20th day of March, 1893, and long before the defendant had any notice that the plaintiff had been, or then was, the attorney for said Mary Considine, in any action or proceeding in any court, and before defendant had any notice of the assignment to plaintiff by said Mary Considine, as alleged in the complaint or otherwise, said Abram Barnett, by an instrument in writing, and for good and valuable consideration, duly sold, assigned and transferred the above-mentioned judgment, claims and debts against said Mary Considine, which had been assigned to him, as aforesaid, to the defendant, who then became, and still is, the owner and holder thereof," to which the plaintiff demurred on the ground that it did not state a defense.

*William T. Murray*, for the appellant.

*Peter A. Delaney*, for the respondent, in person.

PUTNAM, J. :

The court below sustained the demurrer on the ground that plaintiff's action was not brought upon *a contract*, and, hence, the cause of action set up in the answer did not constitute legal counterclaims as held in *Furber* v. *McCarthy* (18 N. Y. Civ. Proc. Rep. 69).

When this case was first before this court our attention was chiefly

devoted to the position taken by the learned justice at Special Term, and we reached the conclusion that plaintiff's claim upon the undertaking set out in the complaint was a cause of action upon contract to which a counterclaim could be legally interposed.

But in our consideration of the case we overlooked the fact that the separate answer demurred to contained no denial of any allegation in the complaint, and, hence, that in our consideration of the question of the sufficiency of such answer, it should be remembered that all the allegations of the complaint were admitted. It is true that the first separate defense contained in the answer denied all the allegations set out in the complaint, except the execution of the undertaking, but there is no denial in the second part of the answer, and it is well settled that in the consideration of a demurrer to a separate answer the court only has before it, and can only consider, the complaint, the separate answer demurred to and the demurrer.

In *Douglas* v. *Phœnix Ins. Co.* (138 N. Y. 209–215), where a demurrer had been interposed to a separate defense contained in the answer, it is said : " The allegations of the complaint not denied in the affirmative defense are, for the purposes of the question now presented, to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference, and made a part of the affirmative defense." In *Valentine* v. *Lunt* (51 Hun, 544–547) Justice DYKMAN remarks : " As the defense to which the demurrer was interposed makes no denial of any of the allegations of the plaintiff, the complaint stands admitted, for all purposes of the demurrer, precisely as if it was the sole and only defense set up by the answer." (See, also, *Boyd* v. *McDonald*, 35 N. Y. St. Repr. 484 ; *Hammond* v. *Earle et al.*, 58 How. Pr. 426.)

In the opinion of Justice MAYHAM, delivered when this case was first considered by this court, he remarked (78 Hun, 19, 20) : " By the assignment to the plaintiff in this action the right of the original obligee passed to him, added to which was his lien for services, *but until the value of such services were liquidated and ascertained, it could not, as matter of law, be said that they were sufficient in amount* to equal the defendant's liability on the undertaking, which was as well for damages as costs, and any valid defense as to any

excess existing between the original parties would be good as against the assignee of the bond." But, in fact, by the failure of defendant in the answer to deny any of the allegations of the complaint, the value of plaintiff's services were liquidated and admitted to be equal to the amount of the judgment for costs sought to be recovered in this action.

It is admitted that the judgment set up in the complaint was entirely for costs; that plaintiff was attorney in the action; that the value of his services exceeded the amount of the judgment; and that plaintiff has not been paid, and his client is irresponsible. Hence, the allegations in the complaint, not being denied in the answer to which the demurrer was interposed, and it being, in the pleading, admitted that the judgment which plaintiff seeks to recover was entirely for costs; that he was attorney for the plaintiff in the action, and that the value of his services equalled the amount of the judgment, under the doctrine assumed by this court in *Delaney* v. *Miller* (78 Hun, 19, 20), defendant's alleged counterclaims cannot be set off against plaintiff's bill of costs in the action referred to in the complaint.

It is well settled that the costs recovered in an action belong to the attorney without any assignment, and that the claim of the attorney thereto is superior to the right of the adverse party in the action, to set off claims against the successful party. (*Tunstall* v. *Winton*, 31 Hun, 219; *Ennis* v. *Curry*, 22 id. 584.)

In *Marshall* v. *Meech* (51 N. Y. 140–143) it is said as to an attorney's lien: "The lien exists not only to the extent of the costs entered in the judgment, but for any sum which the client agreed his attorney should have as a compensation for his services. To the amount of such lien, the attorney is to be deemed as equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney."

For the reasons above stated, we think the court below properly sustained the demurrer, and hence that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.