Simon Sterne, Respondent, v. Elisha H. Talbott and Maurice Maas, Appellants.

*Undertaking on appeal — a surety cannot defend an action brought thereon on the ground that the debt can be collected from the principal — nor because of collaterals held by the creditor — merger — Code of Civil Procedure, § 1309, does not apply to undertakings given upon appeal to the Court of Appeals.*

A surety who has unconditionally promised to pay the debt of another cannot defend on the ground that the debt can be collected of the principal debtor, or on the ground that the creditor has in his hands property of the principal debtor out of which the debt can be collected.

In an action brought against the sureties on an undertaking on appeal to the Court of Appeals, given to secure a stay of execution upon a judgment, the answer denied knowledge or information sufficient to form a belief as to the truth of the allegations that the judgment entered upon the decision of the Court of Appeals had been recovered and entered, that due notice of entry thereof had been served or that no part of said judgment had been paid.

As a further defense it was alleged that the judgment in question was recovered on a loan of money made by the plaintiff to the judgment debtor, who pledged as security therefor certain collaterals, which the plaintiff retained and the avails of which he had failed to apply to the payment of the judgment. The defendants also set up the existence of the pledge as a counterclaim, but did not claim an affirmative judgment based thereon. No reply was served. Before any evidence was given the defendants moved, on notice given pursuant to section 515 of the Code of Civil Procedure, for judgment on the alleged counterclaim, which was denied. The plaintiff introduced in evidence the judgment records and the

original undertaking and offered evidence to prove that the judgment entered on the remittitur had been served personally upon the judgment debtor. No evidence was offered by the defendants, and the court directed a verdict in favor of the plaintiff for the full amount.

*Held,* that upon the entry of the judgment against the judgment debtor the debt on which it was recovered was merged in the judgment for the payment of which the sureties upon the undertaking on appeal became liable in case it was affirmed, and the necessary steps were taken to charge them;

That the fact that the plaintiff might have enforced the judgment by the sale of the property of the judgment debtor on which the judgment had become a lien was no defense to an action on the undertaking.

That the securities in the hands of the plaintiff, belonging to the judgment debtor, were not available to the sureties on the undertaking on appeal, as a counterclaim;

That section 1309 of the Code of Civil Procedure, requiring notice of the entry of judgment to be served on the appellant's attorney before an action on an undertaking can be maintained, has no application to undertakings given on appeal to the Court of Appeals;

That, in the absence of any allegation of payment of the judgment in the answer, and in the absence of any evidence of payment given or offered by the defendants, a *prima facie* case was made out.

APPEAL by the defendants, Elisha H. Talbott and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of January, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order bearing date the 25th day of January, 1895, and entered in said clerk's office, denying the defendants' motion for a new trial made upon the minutes of the court.

*A. A. Greenhoot, Caleb M. Hillman* and *Leopold Wallach,* for the appellants.

*E. Ellery Anderson,* for the respondent.

FOLLETT, J.:

The plaintiff alleged in the complaint that November 2, 1892, he recovered a judgment against Charles F. Beach, Jr., in the Supreme Court for $2,587.96, from which the defendant appealed to the General Term, where the judgment was affirmed, and February 27, 1893, a judgment of affirmance was duly entered in favor of the plaintiff and against Charles F. Beach, Jr., for eighty-two dollars.

·and forty-five cents costs. That in March, 1893, Charles F. Beach, ·Jr., appealed to the Court of Appeals from the last-mentioned judgment, and on said appeal the defendants herein duly executed and filed a written undertaking, pursuant to sections 1326 and 1327 of the Code of Civil Procedure, by which they did "jointly and severally, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars, and do also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum directed to be paid by the judgment, or the part thereof as to which judgment shall be affirmed."

It is also alleged that in June, 1894, the judgment appealed from was affirmed by the Court of Appeals, and June 28, 1894, a judgment .of affirmance was entered on the decision in favor of the plaintiff and against Charles F. Beach, Jr., for $129.95 costs, and that more than ten days prior to the commencement of this action notice of the entry thereof was duly served, and that no part of any of said judgments has been paid. The defendants answered separately, but their answers are identical. They denied knowledge or information sufficient to form a belief as to the truth of the allegations (1) that a judgment entered upon a decision of the Court of Appeals for $129.95 had been recovered and entered; (2) that due notice of the entry thereof had been served; (3) that no part of said judgments had been paid. None of the other allegations in the complaint were put in issue. As a further defense it was alleged that the judgment for $2,587.96 was recovered on a loan of money made by the plaintiff to Charles F. Beach, Jr., who pledged as security therefor a bond for $1,000, and fifteen shares of stock of $100 each, all of the value of $2,500, which the plaintiff retained .and had failed to apply the avails thereof to the payment of the judgments. The defendants also set up the existence of the pledge .as a counterclaim, but did not demand an affirmative judgment. A reply was not served. Upon these issues the case was tried. Before .any evidence was given the defendants moved, on a notice given, pursuant to section 515 of the Code of Civil Procedure, for a judgment on the alleged counterclaim, which was denied, and an excep-

tion taken. The plaintiff then introduced the judgment records and the original undertaking, and called a witness who testified, among other things, "I served the judgment entered on the remittitur on Charles F. Beach, Jr.; I served it personally; I know Mr. Beach. It was served on the 28th day of June, 1894, together with a notice of entry indorsed on the paper I served. I have made a computation of the amount due on the various judgments to to-day. * * * The principal and interest amount in the aggregate to $3,160.63." The witness was not cross-examined and the defendants offered no evidence. Thereupon the defendants moved to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action, and specified (1) that the service of the notice of judgment upon the party, but not upon his attorney, was insufficient; (2) that the plaintiff had not shown that the judgments had not been paid. The motion was denied, and an exception taken. The court thereupon directed a verdict in favor of the plaintiff for $3,160.63.

Upon the entry of the judgment of November 2, 1892, the debt on which it was recovered was merged in the judgment for the payment of which these defendants became liable in case it was affirmed, and the necessary steps taken to charge them. The fact that the plaintiff might have enforced the judgment by the sale of property of the judgment debtor, on which the judgment had become a lien, would be no defense to an action on the undertaking. ( *Wood* v. *Derrickson*, 1 Hilt. 410; *Heebner* v. *Townsend*, 8 Abb. Pr. 234; *Johnson* v. *Ackerson*, 40 How. Pr. 222; affd., 3 Daly, 430; *Sperling* v. *Levy*, 1 id. 95; *Boomer* v. *Laine*, 10 Wend. 525.)

It is a general rule that a surety, who has unconditionally promised to pay the debt of another, cannot defend on the ground that the debt can be collected of the principal debtor, or on the ground that the creditor has in his hands property of the principal debtor out of which the debt can be collected. (*Corn Exchange Ins. Co.* v. *Babcock*, 57 Barb. 231; *First National Bank* v. *Wood*, 71 N. Y. 405; *Third National Bank* v. *Shields*, 55 Hun, 274.) This case is not within any of the exceptions to the rule, no special equities being alleged in the answer, not even that Charles F. Beach, Jr., was insolvent. Securities in the hands of the plaintiff, if there were any, of which no evidence was given or offered, were not available

to these defendants as a counterclaim (*Wright* v. *Austin*, 56 Barb. 13–16), nor even as a set-off. (*La Farge* v. *Halsey*, 1 Bosw. 171; *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Metc. 39; Waterman on Set-off [2d ed.], 56, *et seq.*)

Whether a counterclaim can be pleaded in an action on a statutory undertaking is a question on which the cases are not agreed. (*Atwater* v. *Spader*, 12 N. Y. St. Repr. 506; *Cornell* v. *Donovan*, 14 Daly, 295; *Furber* v. *McCarthy*, 54 Hun, 435; *Wickham* v. *Weil*, 43 N. Y. St. Repr. 155; *Delaney* v. *Miller*, 78 Hun, 18; S. C., on second appeal, 84 id. 244.)

The court did not err in refusing to order a judgment for the defendants on the alleged counterclaim which had not been replied to by the plaintiff.

Section 1309 of the Code of Civil Procedure, requiring notice of the entry of judgment to be served on the appellant's attorney before an action on an undertaking can be maintained, has no application to undertakings given on appeals to the Court of Appeals. This section relates only to appeals taken as prescribed in the third, fourth and fifth titles of chapter 12, which do not embrace appeals to the Court of Appeals, which are provided for in the second title of chapter 12. (*Weil* v. *Kempf*, 12 Civ. Proc. Rep. 379; *Johnstone* v. *Conner*, 13 id. 19.) Why a notice is not required before an action can be maintained on such an undertaking is not apparent.

Some evidence was given by the plaintiff of the non-payment of the judgments. The uncanceled judgments were received in evidence and a witness testified that $3,160.63 was due on them. The witness was not cross-examined, and we think, in the absence of any allegation of payment in the answers, and in the absence of any evidence of payment given or offered by the defendants, that a *prima facie* case was made out. It is quite apparent that the defendants have no defense to this action on the merits.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.