There were other grounds urged for a reversal of the judgment, but, in view of the conclusion above reached, it will not be necessary to consider them. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(25 Misc. Rep. 11.)

### TAYLOR v. LONG ISLAND R. CO.

(Supreme Court, Special Term, Kings County. October, 1898.)

1. COSTS AND ALLOWANCES—OWNERSHIP AS BETWEEN ATTORNEY AND CLIENT.
   Costs and allowance belong to the party, and not the attorney, the latter having only a lien on them for unpaid services.

2. ATTORNEYS—FEES—PER CENTUM OF AMOUNT RECOVERED.
   An attorney in an action for damages was to have a certain per cent. of the amount recovered, but nothing if he failed to collect damages. *Held*, that the "amount recovered" included costs.

Action by Eliza Taylor, as administratrix, against the Long Island Railroad Company. Motion to compel plaintiff's attorney to pay over to plaintiff the costs and allowance. Granted in part.

C. H. Winsor, for the motion.
Ezra A. Tuttle, opposed.

GAYNOR, J. This is a motion by the plaintiff to compel her attorney to pay to her $477, the costs and allowance recovered in this action. The action was for damages for the negligent killing of the plaintiff's husband. The judgment against the defendant was for $7,500 damages, $102 costs exclusive of disbursements, and an extra allowance of $375. The plaintiff retained her attorney by a written agreement that he was to be paid 30 per cent. of the "amount recovered," but nothing if he failed "to collect damages." The attorney paid to the plaintiff 70 per cent. of the damages, and retained 30 per cent. and the costs and allowance.

It is said in Re Bailey, 31 Hun, 608, that a judgment "consisting exclusively of costs is for all ordinary legal purposes the property of the attorney." This seems rather inexact language for use in a science. For extraordinary "legal purposes" (whatever that means) such costs do not belong to the attorney, it would seem, but only for "ordinary legal purposes" (whatever that means). In Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505, it is declared that "it is well settled that the costs recovered in an action belong to the attorney." But there seems to be no such rule. Both of these cases are at variance with the cases they cite, and all of the cases, and are manifestly founded upon a failure to distinguish between ownership and lien. The party owns the costs, and his attorney has a lien thereon for his unpaid services. When he is paid his lien ceases. Nor are the taxable costs the measure of his compensation. He may be entitled to less or more than the taxable costs. Starin v. Mayor, etc., 106 N. Y. 87, 12 N. E. 643. Here the compensation of the attorney was fixed by agreement, and he can claim no more. The amount agreed upon included everything he was entitled to, and he has no lien

beyond that. But the plaintiff is not entitled to all of the costs and allowance, but only to 70 per cent. They are part of the "amount recovered."

Motion granted accordingly.