COURTRIGHT et al. v. VREELAND.

(Supreme Court, Appellate Term. June 29, 1909.)

CORPORATIONS (§ 567*)—RECEIVERS—ACTIONS—SET-OFF.

Where receivers of a corporation appointed in Pennsylvania sued in New York on an undertaking of defendant and another to pay damages sustained by the corporation from an attachment, alleging the assignment of the claim to them by the corporation, defendant could set off a judgment obtained in New York against the corporation, assigned to defendant before the assignment of the claim sued on to plaintiffs, but after their appointment as receivers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2287; Dec. Dig. § 567.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John S. Courtright and others against Edward E. Vreeland. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Bond & Babson (Walter H. Bond, of counsel), for appellant.

Olney & Comstock (Peter B. Olney, Jr., of counsel), for respondents.

LEHMAN, J. The plaintiffs herein sue as receivers of the Pennsylvania Tanning Company. They allege in their complaint that they were duly appointed receivers of the said company by order of the court of common pleas of the state of Pennsylvania on the 22d day of January, 1908; that on the 23d day of March, 1908, an action was commenced in the Supreme Court of this state by one Richard D. Uhtoff against the Pennsylvania Tanning Company; that the said Richard D. Uhtoff applied in the said action for a warrant of attachment, and that the defendant and one William Barton, on or about the 23d day of March, entered into an undertaking to pay all damages which the said company might sustain by reason of the said attachment, not exceeding the sum of $220.25; that a levy was made in accordance with the warrant, and the plaintiffs, as receivers of the said company, caused a motion to be made to vacate the said warrant of attachment, and the court, on or about the 9th day of June, 1908, duly vacated the said attachment; that by reason of the attachment the said company was injured in the sum of $221.65; that the Pennsylvania Tanning Company duly assigned the claim and demand against the defendant to the "plaintiffs, who then became and ever have continued to be the sole owners and holders thereof"; that on the 23d day of September, 1908, the plaintiffs duly notified the defendant of the order vacating the said attachment and of their receivership, and demanded payment of the said sum of $220.25.

The defendant in his answer set up as a defense to this complaint, and by way of set-off and counterclaim thereto, that on or about the 25th day of March, 1908, E. E. Vreeland, a corporation, began an action in the Supreme Court of this state against the Pennsylvania Tanning Company to recover the sum of $601.87 for the sale of advertising space between the dates of November 14, 1907, and February 5, 1908, and obtained a judgment against the said company for the sum of $671.25 on the 31st day of July, 1908; and that the said E. E. Vreeland, a corporation, assigned the judgment to this defendant before the assignment of the Pennsylvania Tanning Company to the plaintiffs, and before any notice thereof to the defendant.

At the trial the plaintiffs proved the allegations set forth in the complaint; but the defendant was not allowed to prove the assignment to him of the judgment against the Pennsylvania Tanning Company, and in this, I think, the court erred. The assignment to the defendant is dated September 12, 1908, while the assignment by the Pennsylvania Tanning Company to the plaintiffs is dated on the 20th

day of October, 1908. If the plaintiffs are claiming under the assignment, then the claim of the defendant against their assignor had accrued before the assignment, and constituted a set-off, in accordance with section 502 of the Code of Civil Procedure. Bien v. Freund, 26 App. Div. 202, 49 N. Y. Supp. 971.

The plaintiffs, however, claim that they took title to the bond at its inception, inasmuch as they were at that time already appointed receivers of their assignor, and, that no claim may be set off against them which had not accrued prior to their appointment. While it is probably true that the appointment of the plaintiffs as receivers by the court of Pennsylvania vested the property of the corporation in the plaintiffs, and fixed the rights of the parties to all controversies existing at that time (Smith v. Eighth Ward Bank, 31 App. Div. 6, 8, 52 N. Y. Supp. 290), still "such an order has never yet been construed in the courts of this state to take away the title of the corporation to its assets here, so far as to deprive the courts of this state of the right to control these assets for the benefit of domestic creditors." Hammond v. National Life Association, 58 App. Div. 455, 69 N. Y. Supp. 586.

At the time when Richard Uhtoff brought his action against the Pennsylvania Tanning Company, the courts of this state would, therefore, not recognize the title of the receivers, so as to deprive the domestic creditors of the right of attachment. National Park Bank v. Clark, 92 App. Div. 262, 87 N. Y. Supp. 185. Since our courts, for the purpose of the attachment proceedings, still regarded the title to all its assets in this state as in the corporation, it appears to me at least doubtful whether the receivers could be considered as injured by the warrant of attachment, or whether the receivers could thereafter bring an action upon the bond of indemnity without an assignment. The plaintiffs have recognized this difficulty, and have alleged in the complaint, not that they were injured, but that the corporation was injured by reason of the wrongful attachment and that the corporation assigned the claim to them. We need not now consider whether the plaintiffs could have set up another cause of action originally accruing to themselves. They have set up a cause of action accruing to the corporation, and their rights under such cause of action were fixed only at the date of the assignment, viz., October 20, 1908.

It seems to me, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

DAYTON, J. (dissenting). The plaintiffs, on January 22, 1908, were appointed receivers of the Pennsylvania Tanning Company by a decree of the court of common pleas of Pennsylvania. A certified copy of the decree was admitted in evidence without objection. It appears therefrom that the receivers were empowered to "bring, prosecute, and defend all suits at law or in equity which in their judgment may be necessary for the preservation and protection of the property and interests under their care and control." On March 23, 1908, one Richard D. Uhtoff, commenced an action in the Supreme Court, New

York county, to recover $420.25 from the Pennsylvania Tanning Company, and secured a warrant of attachment. The defendant and one Barton executed the undertaking on this attachment, binding themselves for $220.25 damages and costs if the suit failed or the attachment was vacated. On June 9, 1908, upon a motion made by these plaintiffs, as receivers, an order was entered vacating the attachment. On October 20, 1908, an assignment was made by the Pennsylvania Tanning Company to the receivers of "whatever claim the company might have against the defendant Vreeland and his co-bondsman, Barton." By stipulation it appears that the Pennsylvania Tanning Company was indebted to E. E. Vreeland, a corporation, for advertising space and printed matter furnished between November 14, 1907, and February 5, 1908, to the amount of $601.87. This claim was assigned by E. E. Vreeland as an individual on September 12, 1908. The plaintiffs claimed that for attorney's services and incidental disbursements they were entitled to recover the full amount of the $220.25, for which the undertaking on attachment was given. The trial court gave judgment for $125. There is no objection to the amount awarded, by either side.

Defendant claims that the assignment by the Pennsylvania Company to the receivers was insufficient and improper, that the title did not pass to the receivers, and that Vreeland had a right to set off an assigned claim of the corporation as against the action for damages. The assignment upon its face is good and sufficient. The technical arguments advanced against it are unsound. It is made by the president of the corporation, bears the corporate seal, is acknowledged by the president, and in the acknowledgment the president swears that he affixes the seal and signed his name by order of the board of directors. The defendant claims, further, that the company could not properly assign this claim, because the decree enjoined them broadly from "assigning any of the assets or property," etc. The closing sentence of this paragraph reads, however, "in anywise dealing therewith [property, etc.], or in molesting or interfering with the full and absolute possession and control thereof by the said receivers." It is doubtful if the assignment was necessary to enable the receivers to sue these bondsmen; but in any event the injunction was certainly not intended to prevent the Pennsylvania Tanning Company from making an assignment to its receivers, if such was necessary to complete a legal title. Such a contention is without merit. The attempted set-off cannot be allowed, for the reason that at the time of the insolvency Vreeland, as an individual, had no claim against the Pennsylvania Tanning Company, nor any accruing claim. He cannot, by an assignment of one of the creditors, made nine months thereafter, acquire rights superior to the other creditors of the insolvent. Matter of Arkell Pub. Co., 29 Misc. Rep. 145, 60 N. Y. Supp. 832, Bischoff, J.

The judgment should be affirmed, with costs.