Jacob Markowitz, J,
Both parties seek to resettle a consent decree previously entered in this action, The decree, as submitted to Special Term, Part JI of this court hy plaintiff contained the provision herein sought to he inserted- However, that provision was stricken from the decree when it was entered, The deeree? entered upon a stipulation of the parties, enjoined defendant from further use or imitation of plaintiff’s symbol in connection with the advertisement or gale of merchandise produced hy if. Thg provision herein concerned provides <f orheeed Aíro ABjuBOpo that in the event that any dispute hereafter arises as to defendant’s compliance with the provisions of this decree or with respect to the effectuation thereof; pr in any manner pertaining thereto, that any and all such disputes be and they hereby are directed to bg disposed of in accordance with the procedure specified in § 218 fa) et seq. of the Civil Practice Act and the" Hules thereunder ” and seeks to utilize the recently enacted rules, commonly called the 'New York Simplified Procedure for Qourt Determination of Disputes; to any further disputes between the parties concerning- defendant’s compliance with the decree.
It is generally held that resettlement of an order should not he utilized to enlarge, or change in some substantial manner, a previous direction of the court (see Matter of Bausch, 281 App. Div. 544, 545; 8 Carmody-Wait, New York Practice, p. 512, and cases there cited). However, the relief sought in the instant motion affects only the procedure to be followed in the event of future dispute concerning defendant’s actions, lection 218-a of the Qivil Practise Act provides that the parties to a civil action may utilize the simplified procedure by following the applicable rules (see Rules Civ. Prac., rules 304-306), Section 218-b of the Civil Practice Act provides that parties to a written contract may stipulate therein to utilize the simplified procedure. It appears clear that this court would be bound to enforce this stipulation, regardless qf its exclusion from thg consent decree entered (Gilbert v. Burnstine; 255 N. Y. 348; Matter of Malloy, 278 N. Y. 429; Banbury v. Rubinstein, 271 App. Div. 322, and, 297 N. Y. 510) . There is no doubt that this court has jurisdiction over both the subject matter of this proceeding, and the parties. This being trig, it appears that resettlement of the ’ consent decree to "include the provision *11 omitted would effect merely an amplification of the prior decree and not a substantive change thereof, and would be proper (Matter of Bausch, supra). Even if the procedure utilised is technically improper, the motion may be considered as one to vacate the order, and to enter another, and as such wonld be proper,
This court deems it advisable, at this point, due to the Bar’s comparative lack of familiarity with the availability of the simplified procedure provided by section B18-a of the Civil Practice Act to specifically note that procedure availability to cases snob as the instant situation. This section and the applicable Buies of Civil Practice promulgated thereunder, were enacted, effective September, 1961, to provide for a simplified procedure for the resolution of future disputes arising out of or m connection with written contracts. A provision, such as that above quoted, may now be inserted in a contract, and thereby effect a consent by the parties to use of the simplified procedure in the resolution of future controversies. The device is similar to that often used when the parties desire to have disputes resolved by arbitration. Parties may now choose this method of relatively quick resolution of disputes by a Judge, without a jury, without the need to proceed through extensive pleadings and pretrial procedures. In effect, u the procedure will have all the speed and many of the informalities of arbitration proceedings and yet permit * * * a decision by a justice of the Supreme Court of the State of New York upon the facts and the law, * * * Arbitration will continue to serve its purposes if the parties prefer to have all questions, including questions of law, decided by lay arbitrators. If parties to a contract fail to agree either to follow the new procedure or provide for arbitration, redress by the ordinary action will still be available ” (Callahan, New Simplified Procedure Act, N. Y. L. J., Oct. 24, 1961, p. 4, cols, 1, 2),
It is clear that the simplified procedure may be elected prior to a controversy arising by provision in ‘1 Any written contract, otherwise valid under the substantive law” (Civ. Prac. Act, § 218-b).
The question next arises concerning the availability of simplified procedure in pending litigation, or in an order, as in the instant case, entered at the conclusion of litigation to regulate the procedure to be followed in future controversies. We are not here concerned with any attempt to impose use of this procedure against the will of any party, This, patently, would be improper. But where the parties m the course of an action stipulate to have future controversies so treated there appears to he no valid rea *12 son, in law or in logic, why it should not be done. Tn these days of constant complaint over the law’s long delays, and with mounting evidence of dissatisfaction with lay arbitration procedures and results (Matter of Weiner Co. [Freund Co.], 2 A D 2d 341, 342; Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., 20 F. R. D. 359, 363; Cecil, Sober as a Judge [1958], pp. 165-166; Correspondence, N. Y. L. J., June 1, 1962, p. 4, col. 3) the courts should encourage use of these procedures. The right to utilize the simplified procedure after commencement of an action is clear.
Section 218-a of the Civil Practice Act provides that the parties may agree to adopt the simplified procedure in “ any contract or other document referring to it A judgment has been called “ a contract of the highest nature known to the law ” (Taylor v. Root, 4 Keyes 335, 344; 4 Abb. Ct. App. 382, 387). Certainly formal stipulations between the parties to actions have the necessary attributes of contracts. Where there is a well-recognized desire and useful purpose to be served in affording the benefits of this new procedure to as many as possible, there is no reason to deny it, on purely formal grounds, to those seeking its benefits. Where the parties agree, by stipulation, to utilize the simplified court procedure in the settlement of future disputes arising out of an order, decree or judgment, this court should not frustrate that desire. Similarly, as stated in subdivision 3 of rule 306 of the Buies of Civil Practice, where an issue referable to the court for determination pursuant to this procedure arises during the course of an orthodox action, that issue should be determined pursuant to the new procedures. The motion is granted.