The Mutual Life Insurance Company of New York, Respondent, *v.* Darius C. Newell and Another, Defendants; Albert C. Benedict, Appellant.

*Right of a mortgagee to pay taxes on mortgaged premises — not affected by a merger of the mortgage in a judgment — power of the Supreme Court to modify its judgment.*

The right of a mortgagee to protect his interest in the mortgaged property, by the payment of taxes, which become a superior lien thereon, depends, not upon the covenants in the bond and mortgage, but upon the general principles of equity, and a merger of the bond and mortgage in a judgment of foreclosure and sale has no effect upon such right.

The general powers of the Supreme Court are ample to make such corrections in a judgment of foreclosure and sale as changed conditions may render necessary.

78h 293
54ad137

APPEAL by the defendant, Albert C. Benedict, from an order of the Supreme Court, made at the Westchester Special Term on the 4th day of March, 1893, and entered in the office of the clerk of the county of Westchester, modifying the judgment of foreclosure and sale entered in the action.

The order appealed from was made on an application for an order amending a judgment of foreclosure and sale entered on August 11, 1884, by inserting therein the amount due the plaintiff for principal and interest on the mortgage debt on February 25, 1893, and by directing the referee to except from the sale of the mortgaged premises certain portions thereof which had been released from the lien of the mortgages set forth in the complaint in the action.

The affidavit used on such application, among other things, alleged that by such judgment there was adjudged to be due on the bonds and mortgages $26,575, and that since the entry of such judgment payments had been made from time to time on account of interest, but that the whole amount of the principal remained unpaid, and that from time to time the plaintiff had paid taxes and that certain parts of the mortgaged premises had been released from the lien of the mortgage.

Proof of these facts and circumstances were taken by the court, and thereafter an order was made granting the relief asked for by the plaintiff.

*Ralph E. Prime*, for the appellant.

*James A. Briggs*, for the respondent.

PRATT, J. :

The right of the mortgagee to protect his interest by payment of taxes, which become a superior lien, depends not upon the covenants in the bond or mortgage, but upon the general principles of equity.

It follows that the merger of the bond and mortgage in the judgment has no effect upon the right.

The general powers of the court are ample to make such corrections in the judgment as the changed conditions render necessary.

We observe that a small amount paid by the mortgagee for insurance against fire was allowed at Special Term.

The order appealed from should be modified by striking out the sum allowed for insurance, and, as thus modified, affirmed, with costs.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Order modified by striking out sum allowed for insurance, and, as modified, affirmed, with costs.