(9 App. Div. 1)

GUILFOYLE v. PIERCE.

(Supreme Court, Appellate Division, First Department. September 9, 1896.)

JUDGMENT—AMENDMENT.

Where the complaint in an action to rescind a contract of sale made by defendant to plaintiff and to compel a reconveyance by defendant of real estate to plaintiff was dismissed on the merits, and judgment entered directing a receiver, who was appointed to take possession of the property, to convey such real estate back to defendant, the judgment may be amended so as to direct the receiver to convey it to a third person, to whom defendant, before entry of the judgment, had transferred her right. Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by James F. Guilfoyle against Catharine E. Pierce. From an order denying a motion to amend the judgment, defendant appeals. Reversed.

The action was brought to cancel a contract made between plaintiff and defendant, by which plaintiff bought a livery stable from defendant, and to set aside and cancel two leases, a certain chattel mortgage, and to compel defendant to reassign a certain bond, and to reconvey certain premises, situated in the city of Brooklyn, all of which plaintiff claims to have paid for said livery stable. The ground on which such relief was asked was that plaintiff was induced to purchase the livery stable by reason of false and fraudulent representations made by defendant. A receiver was appointed by the court to take charge of the property in litigation. Judgment was rendered in favor of defendant dismissing the complaint on the merits, and the receiver was directed by said judgment to reconvey the premises in the city of Brooklyn to defendant, and to assign said mortgage to her, and also that he file his account as receiver. This judgment was affirmed by the appellate division. 38 N. Y. Supp. 697. The order appealed from denied a motion to amend the judgment so as to direct the receiver to convey the real estate in Brooklyn to Frances M. Pierce, to whom defendant had conveyed her right before the judgment was entered.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and O'BRIEN, JJ.

T. M. Tyng, for appellant.
Franklin Bien, for respondent.

WILLIAMS, J. The part of the order appealed from should be reversed, and an order made directing the receiver to convey the property to the transferee of the defendant. It was a proper order to make in the case, unless somebody having an adverse interest should make an objection. The respondent had no interest to make any such objection. He had no interest whatever in the property. The plaintiff's wife was not a party to the action and had no right to object to the order. The order could not, in any event, have injured her, because she is fully protected by the lis pendens filed by her in the action. The order should therefore be modified by striking out the provision denying this part of the motion and by inserting a direction to the receiver to make a conveyance to Frances M. Pierce, the defendant's grantee. The appellant should have costs of the appeal.

' RUMSEY and O'BRIEN, JJ., concur.

VAN BRUNT, P. J.　I dissent from the opinion of Mr. Justice WILLIAMS.　I do not think there was any power in the court to amend the decree entered by another judge in a substantial particular.　It might have been proper practice to have applied at the foot of the decree for a further and different direction, but there was no power in the court to amend the decree.　I further dissent upon the ground that the application was entirely unnecessary.　If the defendant in this action desired that this property should be conveyed to some other person after it had been conveyed to her by the receiver, she might have made the conveyance herself.　It was, therefore, entirely unnecessary that the court should be called upon to examine this application for the purpose of determining as to whether it was proper upon this record to make the order in question.　The order should be affirmed.