Judgment reversed and new trial granted, costs to abide the final award of costs.

---

LORENZ LEOPOLD, Respondent, *v.* HYMAN EPSTEIN and REBECCA LEWIS, Appellants.

*Sureties on an undertaking for costs on an appeal to the Court of Appeals — judgment amended so as to direct payment of costs after and not before payment of the amount due — payment of a percentage on an incompleted sale — bringing in new parties.*

An objection, taken by sureties upon an undertaking for costs given by a defendant on an appeal to the Court of Appeals from a judgment of foreclosure and sale of mortgaged premises, that the judgment directed the sheriff to pay, out of the proceeds of the sale, first the expenses thereof, then the plaintiff's costs and disbursements, and then the amount reported due, and that the sale realized a sum sufficient to pay the costs, is obviated by an amendment of

the judgment, granted before the consummation of the sale, on notice to the parties interested, directing the sheriff to pay first the sum due for principal and interest, and thereafter the other charges.

*It seems*, that in such a case, even if there be no amendment, the sureties upon the undertaking are not, in the event of the sale resulting in a deficiency, relieved from liability.

The payment by one of the sureties upon the undertaking of a percentage of a bid made by him at a sale under the judgment, which afterwards was not completed, does not discharge him from liability.

It is not a defense to the sureties that certain monthly tenants were brought into the suit by supplemental summons.

APPEAL by the defendants, Hyman Epstein and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of November, 1899, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 17th day of November, 1899, denying their motion for a new trial made upon the minutes.

*Hyman Epstein* and *M. Hallheimer*, for the appellants.

*Fernando Solinger*, for the respondent.

JENKS, J.:

This action is against sureties on an undertaking of a defendant on her appeal to the Court of Appeals in a suit to foreclose a mortgage. The result of her appeal was affirmance with judgment absolute on her stipulation. The sale under the judgment showed a deficiency. The contention of the defendant sureties is mainly based on the facts that the judgment in the foreclosure suit first directed that the costs should be paid from the proceeds of sale, and that the sale produced a sum sufficient to pay the costs. The material part of the judgment in foreclosure, as first entered, provided that out of the proceeds of sale the sheriff should " pay the expenses of the sale as provided in section 1676 aforesaid (*i. e.*, the Code of Civil Procedure), and that the said sheriff pay to the plaintiff or his attorney the sum of $402.20, adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with an additional allowance of $30.35, and also the said amount so reported due as aforesaid," etc. The language of the judgment does not, in express terms, direct an application, and,

therefore, the contention of the appellants is based upon the order of the clauses in the provision quoted. I think that we are not required to construe this provision as a direction by the court of an application of payments utterly at variance with the principles governing the foreclosure of mortgages and the plain requirements of the statute regulating the costs of such an appeal. The foreclosure suit was brought to enforce the lien of the mortgage, and " its effect was to fix conclusively the amount due upon the debt, which was its sole foundation. It did not create a new one; and the power of the court in the proceeding was limited to a decree for the sale of the mortgaged premises, or such part thereof as might be sufficient to discharge the amount due on the mortgage and the costs of suit." (*Barnard* v. *Onderdonk*, 98 N. Y. 158, 165.) The property sold is the pledge for the debt put up in market that the proceeds may discharge that debt. The costs of the appeal, being in theory compensation to the plaintiff for the further and unsuccessful resistance of the debtor against the enforcement of the lien, are, in the very nature of things, a charge against the debtor who appeals and fails. And so the law requires the undertaking that the appellant will pay, and with sureties thereon for the further assurance of the plaintiff. The collection of such costs out of the proceeds of the sale is a privilege of the plaintiff, not his penalty. Plainly, then, the right depends upon the condition that those proceeds shall be sufficient first to discharge the debt with interest and the specified expenses incurred by the resistance of the defendant. But the proposition of the appellants is that although the law requires these sureties to assure the plaintiff, the plaintiff must assure these sureties at the charge of the proceeds of the pledge if only those proceeds be sufficient to cover such costs. Or, in other words, what the law requires that the defendants shall undertake to pay to the plaintiff, the plaintiff must pay for them out of the repayment of the plaintiff's loan to the sureties' principal, even though the repayment *pro tanto* be depleted. And the remedy of the plaintiff in such a case is an increase of his deficiency judgment. Thus the sureties' principal appeals and fails with impunity, and the plaintiff succeeds, pays the penalty imposed upon his defeated adversary, and the sureties go scot free.

If there be any force in the contention of the appellants that

order· of sentence is in effect an application of payments, then the provisions of section 1626 of the Code of Civil Procedure make· wholly against them. For it provides that the ·final judgment. "must direct the sale of the · property mortgaged, or of such part thereof as is sufficient to discharge the mortgage debt, the expenses· of the sale and the costs of· the action."

In *Sterne*· v. *Talbott* (89 Hun,· 368) sureties on an undertaking· defended an action against them on the ground that the plaintiff retained the pledge and had failed to apply the avails thereof to the· payment of the judgment. The court, per FOLLETT, J., held that the fact that plaintiff might have enforced the judgment by sale of· the property of the judgment debtor on which the judgment had become a lien, was no defense· to that action, saying that " It is a.· general rule that a surety, who has unconditionally promised to· pay the debt of another, cannot defend· on the ground that the· debt can be collected of .the principal debtor, or on the ground that the creditor has. in his hands property of the principal debtor· out of which the debt can be collected," citing authorities.

For the reasons stated, I seriously question whether any amendment of the judgment as entered was necessary in order to assure satisfaction of the debt before any application towards these costs. could be required. But on application of the plaintiff, and previous. to the sale that was consummated, the Special Term, on notice and after hearing these present litigants, amended the judgment in fore-- closure so that the sheriff was ·directed first to pay out of the proceeds of the sale the sum due for principal and· interest, and there-- after the other charges. I think that such amendment was in the. sound discretion of the Special Term, ·as declarative of the rights. of the plaintiff in the relief granted by the foreclosure judgment and in conformity with the provisions of law. No substantial rights of the sureties that ever existed· were affected thereby, nor· could it be said that the burden ʼof their undertaking was changed.·

In *Stannard* v. *Hubbell* (123 N. Y. 520, 527) the court say : " He· (the trial judge) may correct merely clerical. errors, or a.,mistake in the entry of judgment, or, as has been held in equity cases, direct. the insertion in the judgment of a provision to which ·the party would have been entitled as matter of course in connection with the· relief· granted." As to. the general principle and the power of the.

Special Term, see, also, *Mutual Life Ins. Co.* v. *Newell* (78' Hun, 293 ; affd., 144 N. Y. 627) ; *Toronto General Trust Co.* v. *C., B. & Q. R. R. Co.* (123 id. 37, 46) ; *Guilfoyle* v. *Pierce* (9 App. Div. 1). The payment by one of the sureties of a percentage of a bid made by him at a sale under the judgment, which afterwards was not completed, was in no sense any discharge of his liability. While it is true that several attempts to sell this property under the judgment failed, no facts appear that point to any blame in the plaintiff. The defendant is not relieved from any liability. (*Black River Bank* v. *Page,* 44 N. Y. 453.) The fact that certain monthly tenants were brought in by supplemental summons, is of no benefit by way of defense to the defendants. (*Miller* v. *Youmans,* 34 N. Y. Supp. 140, 141.) The learned trial justice was right in his direction of a verdict for the plaintiff.

The judgment and order appealed from should be affirmed.

All concurred.

Judgment and order affirmed, with costs.