(54 App. Div. 133.)

### LEOPOLD v. EPSTEIN et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

1. MORTGAGES — FORECLOSURE — APPLICATION OF PROCEEDS — APPEAL BOND— LIABILITY OF SURETIES.

Code Civ. Proc. § 1626, provides that, in an action to foreclose a mortgage on real property, where the judgment is for the plaintiff it must direct the sale of the property mortgaged, or of such part thereof as is sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of the action. *Held*, that the fact that a foreclosure judgment directed the sheriff to pay the expenses of sale as provided in section 1626, the costs in the action, and also the amount of the mortgage debt, from the proceeds of a sale, did not constitute the payment of the costs and expenses a preferred claim on such proceeds, where they were insufficient to pay both the mortgage debt and the costs of an appeal, and hence, the residue being insufficient to pay the costs, the sureties on the appeal bond were liable for the costs thereof.

2. SAME—AMENDMENT OF JUDGMENT.

A foreclosure judgment directed that out of the proceeds of sale the sheriff should pay the expenses of sale, the costs adjudged to the plaintiff in the action, and also the amount of the mortgage debt, which judgment was amended, on notice and after hearing the parties, so that the sheriff was directed to pay the mortgage debt, and thereafter the costs and expenses. *Held*, that such amendment did not affect any rights of the sureties of the mortgagor on an appeal bond, since the mortgagee was previously entitled to payment of the mortgage debt before payment of the costs and expenses.

3. SAME—COSTS—SURETY'S LIABILITY—DISCHARGE.

Payment of a part of a bid made by one of the sureties on an appeal bond in foreclosure proceedings, at a sale under the judgment, which was not completed, does not discharge his liability on such bond.

Appeal from trial term, Kings county.

Action by Lorenz Leopold against Hyman Epstein and another as sureties on an undertaking. From a judgment entered on the direction of a verdict for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Hyman Epstein and M. Hallheimer, for appellants.
Fernando Solinger, for respondent.

JENKS, J. This action is against sureties on an undertaking of a defendant on her appeal to the court of appeals in a suit to foreclose

a mortgage. The result of her appeal was affirmance, with judgment absolute on her stipulation. The sale under the judgment showed a deficiency. The contention of the defendant sureties is mainly based on the facts that the judgment in the foreclosure suit first directed that the costs should be paid from the proceeds of sale, and that the sale produced a sum sufficient to pay the costs. The material part of the judgment in foreclosure, as first entered, provided that out of the proceeds of sale the sheriff should "pay the expenses of the sale as provided in section 1626 aforesaid [i. e. the Code of Civil Procedure], and that the said sheriff pay to the plaintiff or to his attorney the sum of $402.20, adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date thereof, with an additional allowance of $30.35, and also the said amount reported due as aforesaid," etc. The language of the judgment does not in express terms direct an application, and therefore the contention of the appellant is based upon the order of the clauses in the provision quoted. I think that we are not required to construe this provision as a direction by the court of an application of payments utterly at variance with the principles governing the foreclosure of mortgages, and the plain requirements of the statute regulating the costs of such an appeal. The foreclosure suit was brought to enforce the lien of the mortgage, and "its effect was conclusively to fix the amount due upon the debt which was its sole foundation. It did not create a new one, and the power of the court in the proceeding was limited to a decree for the sale of the mortgaged premises, or such part thereof as might be sufficient to discharge the amount due on the mortgage and the costs of the suit." Barnard v. Onderdonk, 98 N. Y. 158, 165. The property sold is the pledge for the debt put up in market, that the proceeds may discharge that debt. The costs of the appeal, being in theory compensation to the plaintiff for the further and unsuccessful resistance of the debtor against the enforcement of the lien, are, in the very nature of things, a charge against the debtor who appeals and fails. And so the law requires the undertaking that the appellant will pay, and with sureties thereon for the further assurance of the plaintiff. The collection of such costs out of the proceeds of the sale is a privilege of the plaintiff, not his penalty. Plainly, then, the right depends upon the condition that those proceeds shall be sufficient first to discharge the debt, with interest, and the specified expenses incurred by the resistance of the defendant. But the proposition of the appellants is that, although the law requires these sureties to assure the plaintiff, the plaintiff must assure these sureties at the charge of the proceeds of the pledge, if only those proceeds be sufficient to cover such costs. Or, in other words, what the law requires that the defendants shall undertake to pay to the plaintiff, the plaintiff must pay for them, out of the repayment of the plaintiff's loan to the sureties' principal, even though the repayment pro tanto be depleted. And the remedy of the plaintiff in such a case is an increase of his deficiency judgment. Thus the sureties' principal appeals and fails with impunity, and the plaintiff succeeds, pays the penalty imposed upon his defeated adversary, and the sureties go Scot free.

If there be any force in the contention of the appellants that order of sentence is in effect an application of payments, then the provisions of section 1626 of the Code of Civil Procedure make wholly against them; for it provides that the final judgment "must direct the sale of the property mortgaged, or such part thereof as is sufficient to discharge the mortgage debt, the expense of the sale and the costs of the action." In Sterne v. Talbott, 89 Hun, 368, 35 N. Y. Supp. 412, sureties on an undertaking defended an action against them on the ground that the plaintiff retained the pledge, and had failed to apply the avails thereof to the payment of the judgment. The court, per Follett, J., held that the fact that plaintiff might have enforced the judgment by sale of the property of the judgment debtor on which the judgment had become a lien was no defense to that action, saying that "it is a general rule that a surety who has unconditionally promised to pay the judgment of another cannot defend on the ground that the debt can be collected from the principal debtor, or on the ground that the creditor has in his hands property of the principal debtor out of which the debt can be collected,"—citing authorities.

For the reasons stated, I seriously question whether any amendment of the judgment as entered was necessary in order to assure satisfaction of the debt before any application towards these costs could be required. But on application of the plaintiff, and previous to the sale that was consummated, the special term, on notice, and after hearing these present litigants, amended the judgment in foreclosure so that the sheriff was directed first to pay out of the proceeds of the sale the sum due for principal and interest, and thereafter the other charges. I think that such amendment was in the sound discretion of the special term, as declarative of the rights of the plaintiff in the relief granted by the foreclosure judgment, and in conformity with the provisions of law. No substantial rights of the sureties that ever existed were affected thereby, nor could it be said that the burden of their undertaking was changed. In Stannard v. Hubbell, 123 N. Y. 520, 527, 25 N. E. 1086, the court say:

"He [the trial judge] may correct merely clerical errors, or a mistake in the entry of judgment, or, as has been held in equity cases, direct the insertion in the judgment of a provision to which the party would have been entitled as matter of course in connection with the relief granted."

As to the general principle, and the power of the special term, see, also, Insurance Co. v. Newell, 78 Hun, 293, 28 N. Y. Supp. 913, affirmed in 144 N. Y. 627, 39 N. E. 494; Toronto G. T. Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 46, 25 N. E. 198; Guilfoyle v. Pierce, 9 App. Div. 1, 40 N. Y. Supp. 993.

The payment of one of the sureties of a percentage of a bid made by him at a sale under the judgment, which afterwards was not completed, was in no sense any discharge of his liability. While it is true that several attempts to sell this property under the judgment failed, no facts appear that point to any blame in the plaintiff. The defendant is not relieved from any liability. Bank v. Page, 44 N. Y. 453. The fact that certain monthly tenants were brought in by supplemental summons is of no benefit, by way of defense, to the defendants. Miller v. Youmans (Com. Pl.) 34 N. Y. Supp. 140, 141. The

learned trial justice was right in his direction of a verdict for the plaintiff. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.